UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELIZABETH BOWMAN and BARRY BOWMAN,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC and WELLS FARGO BANK, N.A., AS TRUSTEE FOR LEHMAN MORTGAGE TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-5,<br><br>Defendants. | C.A. No. 1:16-cv-00490-M-LDA |

## DEFENDANTS NATIONSTAR MORTGAGE, LLC AND WELLS FARGO BANK, N.A., AS TRUSTEE FOR LEHMAN MORTGAGE TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-5'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants, Nationstar Mortgage, LLC and Wells Fargo Bank, N.A., as Trustee for Lehman Mortgage Trust Mortgage Pass-Through Certificates Series 2007-5 (collectively, "Defendants"), move to dismiss the Complaint filed by Plaintiffs Elizabeth Bowman and Barry Bowman (collectively, "Plaintiffs") in the above-captioned matter, for failure to state a claim upon which relief may be granted.

In support of their motion, Defendants rely upon the accompanying Memorandum of Law.

WHEREFORE, Defendants Nationstar Mortgage, LLC and Wells Fargo Bank, N.A., as Trustee for Lehman Mortgage Trust Mortgage Pass-Through Certificates Series 2007-5 respectfully requests that this Honorable Court dismiss all Counts of the Plaintiffs' Complaint with prejudice and enter judgment in their favor.

Respectfully submitted,

NATIONSTAR MORTGAGE LLC and
WELLS FARGO BANK, N.A., AS TRUSTEE
FOR LEHMAN MORTGAGE TRUST
MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2007-5,

By Their Attorneys,

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
Ethan Z. Tieger, Bar No. 9308
HINSHAW & CULBERTSON LLP
321 South Main Street
Suite 301
Providence, RI 02903
401-751-0842
401-751-0072 (facsimile)
sbodurtha@hinshawlaw.com
etieger@hinshawlaw.com

Dated: October 7, 2016

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on October 7, 2016.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ELIZABETH BOWMAN and BARRY BOWMAN,

Plaintiffs,

v.

NATIONSTAR MORTGAGE LLC and WELLS FARGO BANK, N.A., AS TRUSTEE FOR LEHMAN MORTGAGE TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-5,

Defendants.

C.A. No. 1:16-cv-00490-M-LDA

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS NATIONSTAR MORTGAGE, LLC AND WELLS FARGO BANK, N.A., AS TRUSTEE FOR LEHMAN MORTGAGE TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-5'S MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiffs Elizabeth Bowman and Barry Bowman (collectively, "Plaintiffs") bring the instant action to void the September 22, 2015 foreclosure sale of the property located at 39 Sunset Drive, Charlestown, Rhode Island (the "Property"). In so doing, Plaintiffs unequivocally ignore binding Rhode Island law, which permits a mortgage loan servicer to foreclose on behalf of the lender and, more specifically, to issue notices of default and sale in pursuit of foreclosure. Numerous decisions issued by this Court and by the Rhode Island Supreme Court reject Plaintiffs' theory that only the lender to a mortgage loan transaction can issue the notice of default as a precursor to foreclosure under the statutory power of sale. These decisions cumulatively demonstrate that Plaintiffs fail to allege facts sufficient to establish that they are entitled to relief from foreclosure. Accordingly, Defendants Nationstar Mortgage LLC

("Nationstar") and Wells Fargo Bank, N.A., as Trustee for Lehman Mortgage Trust Mortgage Pass-Through Certificates Series 2007-5 ("Wells Fargo," and together with Nationstar, "Defendants") submit that the Court should dismiss this action in accordance with Fed R. Civ. P. 12(b)(6).

In further support of their Motion to Dismiss, Defendants submit the following:

## II. STATEMENT OF ALLEGATIONS[1]

Plaintiffs originally acquired the Property on August 29, 2006. (Compl. ¶ 9.) The Property was subsequently transferred from both Plaintiffs to Elizabeth Bowman ("Mrs. Bowman") on September 8, 2006 and then transferred from Mrs. Bowman to Barry Bowman ("Mr. Bowman") on April 3, 2007. (*Id.* ¶¶ 10, 12.) Just prior to the conveyance to Mr. Bowman, Mrs. Bowman executed a promissory note payable to Lehman Brothers Bank, FSB ("Lehman Brothers") in the amount of $695,500.00 (the "Note"). (*Id.* ¶ 11.) Repayment of the Note was secured by a mortgage on the Property executed by Mrs. Bowman in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") in its capacity as nominee for Lehman Brothers (the "Mortgage"). (*Id.*; Mortgage, *Exhibit A*.) The Mortgage was subsequently transferred through a series of assignments: (1) on May 14, 2010, MERS assigned the Mortgage to Aurora Loan Services LLC ("Aurora") (the "First Assignment"); (2) on May 17, 2013, Aurora assigned the Mortgage to Nationstar (the "Second Assignment"); and (3) on January 15, 2014, Nationstar assigned the Mortgage to Wells Fargo (the "Third Assignment"). (*Id.* ¶¶ 13-14, 16; First Assignment, *Exhibit B*; Second Assignment, *Exhibit C*; Third Assignment, *Exhibit D*.) Nationstar is the servicer of the Mortgage currently held by Wells Fargo. (Compl. ¶ 15.)

---

[1] The Federal Rules of Civil Procedure require that Defendants' recitation of the facts be based on the allegations set forth in Plaintiffs' Complaint and for all reasonable inference drawn therefrom to be presented in the light most favorable to the Plaintiffs. *See Butler v. Deutsche Bank Trust Co. Americas*, 748 F.3d 28, 32 (1st Cir. 2014).

2

On May 2, 2014, Nationstar, as servicer for Wells Fargo, sent a notice of default to Mrs. Bowman (at two separate addresses) (hereinafter the "Notice of Default") identifying that she had not made any payments on her mortgage loan since December 1, 2008 and that failure to make these payments constituted a default under the terms and conditions of her mortgage loan. (*See* Notice of Default, *Exhibit E*, at 1.)[2] The Notice of Default further stated that, as of the date of the letter, the total amount due was $352,637.40, and directed that she pay this amount by June 18, 2014 in order to cure the default. (*Id.* at 1-2.) The Notice of Default further explained that failure to pay this sum would result in acceleration of the sums secured by the Mortgage, foreclosure proceedings, and the ultimate sale of the Property. (*Id.* at 2.) Finally, the Notice of Default advised Mrs. Bowman that she has the right to reinstate the loan after acceleration and the right to bring a court action to contest the default. (*Id.*) Thereafter, Nationstar's local counsel, Korde & Associates, P.C. ("Korde"), sent Mrs. Bowman a notice of acceleration of the entire balance due under the mortgage loan and advised her of Nationstar's intent to foreclose (the "Notice of Acceleration"). (*See* Notice of Acceleration, *Exhibit F*.) The Notice of Acceleration, once again, advised Mrs. Bowman of her right to reinstate the mortgage loan. (*Id.*)

According to Plaintiffs' Complaint, on July 31, 2015, Korde sent Plaintiffs a notice of mortgagee's foreclosure sale (the "Notice of Sale") to be held on September 22, 2015. (*Id.* ¶ 17; Notice of Sale, *Exhibit G*.) Notice of the foreclosure sale was first published by Nationstar in the area newspaper on August 31, 2015. (Compl. ¶ 17.) The foreclosure sale proceeded as scheduled on September 22, 2015 and a Foreclosure Deed was recorded on December 17, 2015

---

[2] As the First Circuit Court of Appeals explained in *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003), a Court may look to documents incorporated into a plaintiff's complaint even if they are not attached. In line with "the axiom that a writing is the best evidence of its contents," Defendants have attached Plaintiffs' Mortgage, the Assignments, the Foreclosure Deed and all relevant notices as exhibits because these documents are all "fairly incorporated" into Plaintiffs' Complaint. *See id.*

3

in the Land Evidence Records of Town of Charlestown at Book 412, Page 140. (*Id.* ¶ 18; Foreclosure Deed, *Exhibit H.*)

Based upon these allegations, Plaintiffs claim breach of contract against Defendants on grounds that Defendants' Notice of Default and Notice of Sale violated paragraph 22 of the Mortgage. (Compl. ¶ 24.) The purported violation, according to Plaintiffs, is that the notice of default and notice of sale were not sent by the "Lender" listed on the Mortgage (*i.e.*, Wells Fargo). (*See id.* ¶ 24.) Plaintiffs also seek judgment quieting title to the Property based upon the same allegations that the resulting foreclosure sale was void. (*See id.* ¶¶ 32-34.)

### III. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The First Circuit Court of Appeals has explained that "a primary purpose of a Rule 12(b)(6) motion is to weed out cases that do not warrant reaching the (oftentimes) laborious and expensive discovery process because, based on the factual scenario on which the case rests, the plaintiff could never win." *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 72 (1st Cir. 2014). Moreover, the court is not bound to follow "'bald assertions, unsupportable conclusions, and opprobrious epithets' woven into the fabric of the complaint. [The court] can affirm the allowance of a motion to dismiss only if the plaintiff's factual averments hold out no hope of recovery on any theory adumbrated in its complaint." *In re Colonial*, 324 F.3d at 15 (internal citations omitted) (quoting *Chongris v. Bd. of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987)).

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), it is well-established that a court "'may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion

4

into one for summary judgment.'" *Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)); *see also Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000) (discussing court may look to matters of public record in deciding Rule 12(b)(6) motion).

## IV. LEGAL ARGUMENT

A. <u>Plaintiffs No Plausible Challenge to Foreclosure under Rhode Island Law Based upon Allegations of a Defective Notice.</u>

Plaintiffs' claims against Nationstar and Wells Fargo rely upon a singular contention that the Mortgage requires the "Lender" to issue the notice of default and notice of foreclosure sale. Plaintiffs do not challenge delivery of these notices but instead argue that Nationstar's delivery of the notices on behalf of Wells Fargo—instead of Wells Fargo itself, as the lender—invalidated and voided the foreclosure sale of the Property. This argument flies in the face of current Rhode Island law. Indeed, in bringing the instant complaint, Plaintiffs have ignored decisions from the Rhode Island Supreme Court and this Court on this very issue. *252 Wolfrock Rd. Realty Redemption Co. v. Wells Fargo Bank N.A.*, No. 1:16-cv-00126-M-LDA, 2016 WL 3766297, at *1 (D.R.I. July 11, 2016); *Cornejo v. Bank of New York Melon*, No. 1:16-cv-00064-S-LDA, 2016 WL 4385895, at *1 (D.R.I. Aug. 17, 2016); *Ingram v. Mortg. Elec. Regis. Sys., Inc.*, 94 A.3d 523, 529 (R.I. 2014).

In *252 Wolfrock Rd.*, 2016 WL 3766297, at *2, this Court determined that Plaintiffs' legal argument requiring a lender to issue pre-foreclosure notices fails under Rhode Island law. There, the Court was presented with a similar factual scenario to the case at bar: the plaintiff-borrowers sued their lender, Wells Fargo, alleging, in part, that it improperly foreclosed on the plaintiff-borrowers' property by having counsel to its mortgage loan servicer issue the notice of sale. *Id.* at *1. The plaintiff-borrowers in *Wolfrock* argued that the notice provisions of the mortgage

5

required Wells Fargo to deliver the notice of sale, and by having its loan servicer, Ocwen Loan Servicing, LLC, ("Ocwen") issue such notice, the subsequent foreclosure sale was void. *Id.* Relying on the Rhode Island Supreme Court decisions in *Ingram* and in *Breggia v. Mortgage Elec. Registration Sys., Inc.*, 102 A.3d 636, 641 (R.I. 2014), the Court disagreed and concluded that "[a] servicer, as a lender's agent, acquire[s] all the rights that the lender possesse[s], including the right to exercise the power of sale." *Id.* at *2. The Court further explained that because Ocwen, as Wells Fargo's agent, issued the notice of sale to the plaintiff-borrowers, the notice requirements of the mortgage were satisfied and the resulting foreclosure sale deemed proper. *Id.* As this Court succinctly held, "under Rhode Island law, an agent of a lender may initiate and complete foreclosure." *Id.*

The Court's conclusion in *252 Wolfrock Rd.* was reiterated in *Cornejo* and extended beyond just notices of sale to the notices of default and acceleration. 2016 WL 4385895, at *2. Presented with a factual scenario similar to *252 Wolfrock Rd.* and to this case (*i.e.*, the lender's servicer, and not the lender, issued the notice of default and acceleration to the plaintiff-borrower), the Court in *Cornejo* concluded that the lender "was well within its statutory power as noteholder" to appoint its servicer to deliver the notices of acceleration and foreclosure. *Id.* Once again, the Court held that based on the Rhode Island Supreme Court's decisions in *Breggia* and *Ingram*, "servicers, as agents of the lenders, can lawfully provide the borrower with the requisite foreclosure notices." *Cornejo*, 2016 WL 4385895, at *2 (D.R.I. Aug. 17, 2016) (citing, inter alia, *252 Wolfrock Rd.*, 2016 WL 3766297, at *2.

The Court in both *252 Wolfrock Rd.* and *Cornejo* looked to guidance from the Rhode Island Supreme Court to resolves any doubt regarding the extent of a loan servicer's authority to issue notices of default and sale. In both *Breggia*, 102 A.3d at 641, and *Ingram*, 94 A.3d at 529,

6

the Rhode Island Supreme Court rejected the argument that only the original lender, or a lender holding both the note and the mortgage, is authorized to invoke the power of sale. In *Breggia*, 102 A.3d at 641, the plaintiffs argued that the foreclosure sale was improperly noticed and conducted by the mortgage loan servicer, OneWest Bank, FSB ("OneWest"), because only American Mortgage Network, Inc., as the original lender, had the authority to notice and conduct the foreclosure sale. Justice Indeglia, writing for the Court, explained that this argument was "clearly rejected" by the Rhode Island Supreme Court in *Mruk v. Mortgage Elec. Registration Sys.*, Inc., 82 A.3d 527, 537-38 (R.I. 2013) and *Bucci v. Lehman Bros. Bank, FSB*, 68 A.3d 1069, 1085-89 (R.I. 2013), in which the Court decided that MERS or its assigns had the power to foreclose. *Breggia*, 102 A.3d at 641.

Similarly, the plaintiffs in *Ingram* argued that OneWest (again as the loan servicer but for a different lender) did not have the authority to invoke the power of sale. 94 A.3d at 529. Justice Goldberg, writing for the Court, noted that plaintiffs' argument was "premised upon their misconception of the law." *Id.* The Court in *Ingram* held that OneWest properly and lawfully acted under power of attorney for the lender and was fully permitted to mail notice of, and advertise, the foreclosure sale. *Id.* All of these decisions only serve to establish and solidify a loan servicer's authority to notice and conduct a foreclosure sale under Rhode Island.

Plaintiffs, here, similarly misconceive Rhode Island law. Plaintiffs claim an invalid foreclosure based upon allegations that their "Lender" (i.e. Wells Fargo) failed to give notice of default. (*See* Compl. ¶ 24.) Plaintiffs further allege that Wells Fargo failed to provide notice of sale. (*Id.*) Plaintiffs have no basis under Rhode Island law to demand that their lender, and their lender alone, issue the pre-foreclosure notices of default and sale. On two separate occasions, this Court has affirmed the power of a mortgage servicer to initiate foreclosure on behalf of the

7

lender, whether through of default or notice of sale. *See 252 Wolfrock Rd.*, 2016 WL 3766297, at *2; *Cornejo*, 2016 WL 4385895, at *2. Likewise, the Rhode Island Supreme Court has held that a lender is fully permitted to rely on a servicer to mail the requisite notices to the borrower under Rhode Island law. Consequently, default and sales noticed by servicers do not invalidate foreclosure as a matter of law.

Nationstar and local counsel's authority to issue notices of default and sale is bolstered the statutory power of sale, which permits a mortgagee to initiate foreclosure, and through which Rhode Island courts recognize that the mortgagee and lender need not be the same party. *See Bucci*, 68 A.3d at 1089. The Rhode Island Power of Sale Statute provides that a "property may be sold at foreclosure auction by a mortgagee or his, her or its executors, administrators, successors or assigns...." G.L. 1956 § 34-11-22. Moreover, while Plaintiffs' Mortgage provides that "Lender shall give notice to Borrower," the Mortgage also provides that the covenants and agreements of the Mortgage bind and benefit all successors and assigns. (Mortgage, *Exhibit A*, at ¶ 13.) Rhode Island's power of sale statute, and Plaintiffs' own mortgage, rejects Plaintiffs' claims that only their lender can issue notices of default and sale.

Plaintiffs also have no credible basis to challenge the sufficiency of the default notice. Plaintiffs allege that Defendants failed to give notice of the default, the action required to cure, a date by which Plaintiffs must cure, that failure to cure before the date specific may result in acceleration, that Plaintiffs have the right to reinstate, and that Plaintiffs have right to bring court action. (Plaintiffs' Complaint, ¶ 24.) Despite Plaintiffs' speculative allegations, a "writing is the best evidence of its contents." *In re Colonial Mortgage Bankers Corp.*, 324 F.3d at 15. On May 2, 2014, Nationstar sent notice of default to Mrs. Bowman. (Ex. E.) The notice informed Mrs. Bowman of the default, the amount to cure the default ($352,637.40), a deadline to cure more

8

34664249V2 0990363

than 30 days after the notice issued (June 18, 2014), and that failure to cure may result in acceleration and foreclosure. (*Id.*) In addition, the notice informed Mrs. Bowman that she had the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale. (*Id.*). Review of this notice against Paragraph 22 of Plaintiffs' Mortgage demonstrates Nationstar's compliance and reveals the outright speculation that forms the basis of Plaintiffs' challenge to foreclosure.

Plaintiffs have no basis to challenge foreclosure by alleging that Mrs. Bowman did not receive any notice of sale. Under Rhode Island law, Nationstar and Wells Fargo need not prove a mortgagor's receipt in order to comply with notice requirements. Instead, if the mortgage document provides that notice must be sent via first class mail, then the mortgagee has complied with this requirement as soon as it provides a receipt proving that it placed the notice in the mail, even if the mail comes back unopened. *Pigeon v. Mortg. Electronic Registration Systems, Inc.*, No. PC 2011-2782 2013 WL 486874 *3 (R.I. Super. Feb. 5, 2013) (Rubine, J.). In *Pigeon*, the Superior Court held that the plaintiffs received constructive notice of their default despite that they did not personally receive the notices, because the terms of the mortgage provided that "notice to [Plaintiffs] in connection with this [Mortgage] shall be deemed to have been given to [Plaintiffs] when mailed by first class mail." *Id.* The court found that the plaintiffs' actual receipts of the notices were not required given the terms of the mortgage, and determining that the defendants properly noticed the plaintiffs when they sent the notices via first class mail. *Id.* Here, the face of these notices demonstrate delivery to Mrs. Bowman at three separate addresses, one of which was the property, another at 27 Sunset Drive, Charlestown, RI, and a third notice to Mrs. Bowman's counsel. (Exs. F and G.) Without question, notice of sale was delivered to Mrs. Bowman, and she lacks any legal basis to challenge foreclosure by alleging she never received

9

34664249V2 0990363

the notice. Lastly, Plaintiffs claim a faulty foreclosure on allegations that Wells Fargo failed to publish notice of sale. This allegation is speculation. The foreclosure deed rejects any attempt to deny proper publication by including copies of the publication notices and affidavit of local foreclosure counsel. (*See* Foreclosure Deed, *Exhibit H*.)

In short, Plaintiffs present no basis under Rhode Island law to challenge the notices of default and sale by demanding that only their lender can issue, by speculative allegations that the notice of default did not comply with the terms of the mortgage, and by mistaken legal theory that receipt of notice is required to foreclose. Absent any valid basis to challenge foreclosure, Defendants are entitled to dismissal of this action.

  B. <u>Any Reliance by Plaintiffs on Massachusetts Law, Including the Decision in *Pavia*, is Misplaced and Does Not Present a Valid Challenge to Foreclosure</u>

Several recent cases filed in this jurisdiction include plaintiffs' attempt to utilize Massachusetts law (albeit improperly) to support their arguments for strictly construing Rhode Island's power of sale statute. For example, in *252 Wolfrock Rd.*, the plaintiffs relied on Massachusetts law—particularly the District of Massachusetts decision in *Paiva v. Bank of New York Mellon*, 120 F. Supp. 3d 7, 10 (D. Mass. 2015)—to support their position that the lender, and not the servicer, was the only party able to execute the power of sale. As a result, these plaintiffs argued that the notice from the servicer's counsel was not proper and therefore voided the foreclosure sale. Importantly, however, this Court disagreed, finding that "[p]laintiffs' reliance on Massachusetts law is misplaced. Rhode Island's power of sale statute allows the mortgagee to issue the notice of sale to mortgagors in order to initiate foreclosure." *252 Wolfrock Rd.*, 2016 WL 3766297, at *2 (citing § 34-11-22). While not specifically alleged in Plaintiffs' complaint, Plaintiffs in the instant matter cannot void foreclosure in reliance upon the Massachusetts power of sale statute because Massachusetts law is not binding upon this Court

10

34664249V2 0990363

and, more importantly, the Massachusetts power of sale statute differs in stark contrast from Rhode Island's power of sale statute.

Courts applying Massachusetts law have required strict compliance with a mortgage's power of sale provision on the grounds that the Massachusetts power of sale statute expressly demands that a mortgagee first comply with the terms of the mortgage and with foreclosure statues before exercising the power sale contained in a mortgage. *See, e.g., Pinti v. Emigrant Mortgage Company, Inc.*, 33 N.E.2d 1213, 1226 (Mass. 2015); *U.S. Bank Nat. Ass'n v. Ibanez*, 941 N.E.2d 40 (Mass. 2011); *see also Paiva*, 120 F. Supp. 3d 7 (D. Mass. 2015); *cf.* M.G.L. c. 183, § 21. In construing a similar provision of a mortgage as the Mortgage here, the federal district court in *Paiva* held that only the lender, and not the servicer, could send the notice of default to the borrower. *Paiva*, 120 F. Supp. 3d at 10. This Court has expressly rejected the plaintiffs' reliance on *Paiva* when compared to Rhode Island's statutory power of sale and declined to follow that decision as law in this jurisdiction. *252 Wolfrock Rd.*, 2016 WL 3766297, at *2; *Cornejo*, 2016 WL 4385895, at *2.

Following *Paiva*, several courts applying Massachusetts law have disagreed with and declined to adopt the holding that only a lender can issue a notice of default in pursuit of a Massachusetts power of sale foreclosure. *See, e.g., Campbell v. Fed. Nat'l Mortgage Ass'n*, No. 12 MISC 469212 AHS, 2015 WL 5869510, at *12 (Mass. Land Ct. Oct. 6, 2015) (declining to follow *Paiva*). Of note, recently in *HMC Assets, LLC v. Conley*, No. CV 14-10321-MBB, 2016 WL 4443152, at *21-22 (D. Mass. Aug. 22, 2016) (internal quotation marks omitted), a Massachusetts federal court directly rejected *Paiva*, explaining that the decision in *Paiva* is not the majority view in the District of Massachusetts. Ultimately, the Court in *HMC Assets* agreed with the argument that a servicer's sending of notice of default on behalf of the lender does not

11

result in the voiding of a foreclosure sale. *Id.* at *23. Similarly, in *Anderson v. Nationstar Mortgage, LLC*, No. CV 15-14187-PBS, 2016 WL 1181661, at *3 (D. Mass. Mar. 25, 2016), a federal district court in Massachusetts was presented with the issue of "whether the actual 'lender' must send the notices of foreclosure and default to the borrower in order to 'strictly comply' with paragraph 22 of the mortgage instrument." The court, citing numerous decisions from the District of Massachusetts, found no basis in voiding the foreclosure sale merely because the loan servicer and not the "lender" under the mortgage instrument issued the notice of default and exercised the power of sale through foreclosure. *Id.* at *4.

Following the reasoning of the court in *Anderson* and the other cases cited above, there is simply no logical basis to find that under Rhode Island law, a lender, and not the lender's servicer, must issue notices of sale and conduct the foreclosure. Notwithstanding the inconsistency of decisions interpreting and applying the Massachusetts power of sale statute as it relates to a mortgage and Paragraph 22, these decisions in no way dictate Rhode Island law. The most telling reason why is that Rhode Island's power of sale statute does not expressly require compliance with the terms of the mortgage. *See* R.I. Gen. Laws 34-11-22. As a result, there is no basis in fact or at law for Plaintiffs to challenge foreclosure through the application of the *Paiva* decision and no basis for Plaintiffs to demand strict compliance.

## V. CONCLUSION

For the foregoing reasons, Nationstar Mortgage LLC and Wells Fargo Bank, N.A., as Trustee for Lehman Mortgage Trust Mortgage Pass-Through Certificates Series 2007-5 respectfully requests this Court dismiss this action pursuant to Rule 12(b)(6), with prejudice, and enter an order quieting title to the Property in favor of Wells Fargo.

34664249V2 0990363

Respectfully submitted,

NATIONSTAR MORTGAGE LLC and
WELLS FARGO BANK, N.A., AS TRUSTEE
FOR LEHMAN MORTGAGE TRUST
MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2007-5,

By Their Attorneys,

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
Ethan Z. Tieger, Bar No. 9308
HINSHAW & CULBERTSON LLP
321 South Main Street
Suite 301
Providence, RI 02903
401-751-0842
401-751-0072 (facsimile)
sbodurtha@hinshawlaw.com
etieger@hinshawlaw.com

Dated: October 7, 2016

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on October 7, 2016.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha