# EXHIBIT A

Return To:   AURORA LOAN SERVICES, LLC
             601 5th Ave, PO Box 4000
             Scottsbluff, NE 69363

INST: 00000866
Bk: 308 Pg: 606

Prepared By:   ELIZABETH NICHOLS
               LEHMAN BROTHERS BANK
               400 PROFESSIONAL DR, SUITE 100
               GAITHERSBURG, MD 20879

ESCROW #:

TOWN OF CHARLESTOWN, R.I.
JODI P. LACROIX CMC
Town Clerk
Apr 06,2007 09:12:04A

———————— [Space Above This Line For Recording Data] ————————

# MORTGAGE

MIN   100025440003746127

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) **"Security Instrument"** means this document, which is dated **April 2, 2007**
together with all Riders to this document. ...
(B) **"Borrower"** is

ELIZABETH A BOWMAN

Borrower is the mortgagor under this Security Instrument.
(C) **"MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel (888) 679-MERS.

LOAN #: 0045962925

RHODE ISLAND - Single Family - **Fannie Mae/Freddie Mac**
UNIFORM INSTRUMENT WITH MERS
VMP®-6A(RI) (0509)
Page 1 of 15          Initials: 
VMP Mortgage Solutions, Inc.

Form 3040 1/01 (rev. 11/02)

INST: 00000866
Bk: 308 Pg: 607

(D) **"Lender"** is  LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK

Lender is a  **Federal Savings Bank**
organized and existing under the laws of  UNITED STATES
Lender's address is  400 PROFESSIONAL DRIVE, SUITE 500, GAITHERSBURG, MD 20879

(E) **"Note"** means the promissory note signed by Borrower and dated  April 2, 2007
The Note states that Borrower owes Lender
   SIX HUNDRED NINETY FIVE THOUSAND FIVE HUNDRED & 00/100                Dollars
(U.S. $       695,500.00    ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than  May 1, 2037
(F) **"Property"** means the property that is described below under the heading "Transfer of Rights in the
Property."
(G) **"Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(H) **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

(I) **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(J) **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(K) **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check,
draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument,
computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an
account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine
transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(L) **"Escrow Items"** means those items that are described in Section 3.
(M) **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by
any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property;
(iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or
condition of the Property.
(N) **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the
Loan.
(O) **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time,
or any additional or successor legislation or regulation that governs the same subject matter. As used

100025440003746127
0045962925
VMP ®-6A(RI) (0608)                    Page 2 of 15                    Initials:                    Form 3040  1/01 (rev. 11/02)

INST: 00000866
Bk: 308 Pg: 608

in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property located in the

County of Washington :
[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]

ALL THAT TRACT OR PARCEL OF LAND AS SHOWN ON SCHEDULE "A" ATTACHED HERETO WHICH IS INCORPORATED HEREIN AND MADE A PART HEREOF.

Parcel ID Number:                                        which currently has the address of

**39 SUNSET DRIVE**                                                    [Street]
**CHARLESTOWN**                    [City], Rhode Island    **02813**    [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

10002544000374 6127
00045962925

Initials: _____

VMP ®-6A(RI) (0608)          Page 3 of 15          Form 3040  1/01 (rev. 11/02)

INST= 00000866
Bk= 308 Pg= 609

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be

INST: 00000866
Bk: 308 Pg: 610

in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

100025440003746127
0045962925
VMP ® 6A(RI) (0608)                    Page 5 of 15          Initials:                  Form 3040  1/01 (rev. 11/02)

INST: 00000866
Bk: 308 Pg: 611

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

INST: 00000866
Bk: 308 Pg: 612

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its

INST: 00000866
613

secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

**(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

100025440003746127
0045962925
VMP ®-6A(RI) (0608)               Page 8 of 15               Initials: ___   Form 3040  1/01 (rev. 11/02)

INST: 00000866
Bk: 308 Pg: 614

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or

100025440003746127
0045962925

VMP ®-6A(RI) (0608)                      Page 9 of 15                      Initials: _____                      Form 3040 1/01 (rev. 11/02)

INST: 00000866
Bk: 308 Pg: 615

any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but

100025440003746127
0045962925
VMP ®-6A(RI) (0608)                    Page 10 of 15          Initials: _____      Form 3040 1/01 (rev. 11/02)

INST: 00000866
Bk: 308 Pg: 616

such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

100025440003746127
0045962925
VMP ®-6A(RI) (0609)                    Page 11 of 15                    Initials: _____      Form 3040 1/01 (rev. 11/02)

INST: 00000866
Bk: 308 Pg: 617

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

INST:   00000866
Bk:   308 Pg:   613

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

**23. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument shall become null and void. Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. No Outstanding Automatic Orders in Domestic Relations Cases.** Borrower hereby represents and warrants to Lender that either (a) there is no outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against any Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation or (b) there is an outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against a Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation, and the other party that is subject to such order has consented to, or the court which issued the automatic order has issued another order authorizing, such Borrower's execution of the Note and this Security Instrument.

**25. Homestead Estate.** If Borrower heretofore has acquired or hereafter acquires an estate of homestead in the Property, Borrower hereby agrees that such homestead estate is waived to the extent of this Security Instrument and the amount due under the Note and to the extent of all renewals, extensions and modifications of this Security Instrument or the Note, and that said homestead estate is subject to all of the rights of Lender under this Security Instrument and the Note and all renewals, extensions and modifications of this Security Instrument and the Note, and is subordinate to the lien evidenced by this Security Instrument, and all renewals, extensions and modifications of this Security Instrument. Furthermore, Borrower hereby waives the benefits of any homestead or similar laws or regulations that may otherwise be applicable from time to time.

INST: 00000866
Bk: 308 Pg: 619

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____

_____                    *Elizabeth A. Bowman* (Seal)
                                                      ELIZABETH A BOWMAN            -Borrower

_____                    _____ (Seal)
                                                                                   -Borrower

_____ (Seal)             _____ (Seal)
                              -Borrower                                             -Borrower

_____ (Seal)             _____ (Seal)
                              -Borrower                                             -Borrower

_____ (Seal)             _____ (Seal)
                              -Borrower                                             -Borrower

100025440003746127
0045962925
VMP ® -6A(RI) (0609)                    Page 14 of 15                    Form 3040  1/01 (rev. 11/02)

STATE OF RHODE ISLAND,

INST=  00000866
Pro... ... County... Pg=  620

On this _2nd_ day of _April 2007_ , in _Clauson_ ,
in said County, before me personally appeared

_Elizabeth A. Bowman_

each and all to me known and known to me to be the person(s) executing the foregoing instrument and
acknowledged said execution to be his/her/their free act and deed.

_____
Notary Public

_Anthony A. Genereshin_
_Exp  7/20/2010_

100025440003746127
0045962925
VMP ®-6A(RI)  (0608)                    Page 15 of 15                    Initials _____   Form 3040   1/01 (rev. 11/02)

EXHIBIT A

INST:   00000866
Bk:   308 Pg:   621

The certain tracts or parcels of land, together with any buildings or improvements thereon, located in the Town of Charlestown , County of Washington and State of Rhode Island , bounded and described as follows to wit:

Lots No.77 and 78 as shown and delineated on a certain plat entitled "Quonocontaug Highlands , Property of Charlestown Estates , Inc. Scale 1 inch equals 50 feet, July 1, 1940, Rosi & Lewis Engrs."

For title reference, see Deed in Book 301, Page 288.

Property: 39 Sunset Drive, Charlestown, RI  02813
Parcel: Plat 2  Lot 222

(BOWMAN E-0611037.PFD/BOWMAN E-0611037/39)

# EXHIBIT B

Recording Requested By:
AURORA LOAN SERVICES

When Recorded Return To:

ASSIGNMENT PREP
AURORA LOAN SERVICES
P.O. Box 1706
Scottsbluff, NE 69363-1706

INST:   00001030
Bk:   343 Pg:   291

TOWN OF CHARLESTOWN, R.I.
JODI P. LACROIX CMC
Town Clerk
May 26, 2010 10:20:58A

## CORPORATE ASSIGNMENT OF MORTGAGE

Charlestown Town, Rhode Island
SELLER'S SERVICING #:0045962925 "BOWMAN"
OLD SERVICING #:  FC

MERS #: 100025440003746127  VRU #: 1-888-679-6377

Date of Assignment: May 14th, 2010
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC AS NOMINEE FOR LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK IT'S SUCCESSORS AND ASSIGNS at 3300 S.W. 34TH AVENUE, SUITE 101, OCALA, FL 34474
Assignee: AURORA LOAN SERVICES LLC at 2617 COLLEGE PARK, SCOTTSBLUFF, NE 69361

Executed By: ELIZABETH A BOWMAN  To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK
Date of Mortgage:  04/02/2007 Recorded:  04/06/2007 In Book/Reel/Liber: 308 Page/Folio: 606 as Instrument No.: 00000866 In Charlestown Town, Rhode Island

Property Address: 39 SUNSET DRIVE, CHARLESTOWN, RI 02813

   KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN AND NO/100ths DOLLARS and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage together with the Note or other evidence of indebtedness (the "Note"), said Note having an original principal sum of $695,500.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

   TO HAVE AND TO HOLD the said Mortgage and Note, and also the said property unto the said Assignee forever, subject to the terms contained in said Mortgage and Note.

   MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC AS NOMINEE FOR LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK IT'S SUCCESSORS AND ASSIGNS
On May 14th, 2010

By:
THEODORE SCHULTZ, Vice-President

STATE OF Nebraska
COUNTY OF Scotts Bluff

On May 14th, 2010, before me, LINDA D. PARKS, a Notary Public in and for Scotts Bluff in the State of Nebraska, personally appeared THEODORE SCHULTZ, Vice-President, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

LINDA D. PARKS
Notary Expires: 11/14/2011

GENERAL NOTARY - STATE OF NEBRASKA
LINDA D. PARKS
My Comm. Exp. 11/14/2011

(This area for notarial seal)

*TCH*TCHALSI*05/14/2010 12:28:37 PM* ALSI01ALSIA00000000000000650966* RI_CHAR* 0045962925 RISTATE_MORT_ASSIGN_ASSN **TCHALSI*

# EXHIBIT C

```
BK=   384 PG=   963
INST= 00001520
```

TOWN OF CHARLESTOWN, R.I.
AMY ROSE WEINREICH
TOWN CLERK
Jun 12,2013 12:53:41P



## ASSIGNMENT OF MORTGAGE

**FOR GOOD AND VALUABLE CONSIDERATION**, the sufficiency of which is hereby acknowledged, the undersigned, **AURORA LOAN SERVICES LLC, WHOSE ADDRESS IS 350 Highland Dr., Lewisville, TX, 75067, (ASSIGNOR)**, by these presents does convey, grant, assign, transfer and set over the described Mortgage with all interest secured thereby, all liens, and any rights due or to become due thereon to **NATIONSTAR MORTGAGE LLC, WHOSE ADDRESS IS 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067.**

Said Mortgage is dated 04/02/2007, made by **ELIZABETH A. BOWMAN** to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR LEHMAN BROTHERS BANK, F.S.B.,** and recorded in the Land Evidence Records in the Town of CHARLESTOWN, State of Rhode Island, in Volume 308, Page 606. .

Property is commonly known as: 39 SUNSET DRIVE, CHARLESTOWN, RI 02813.

**IN WITNESS WHEREOF, AURORA LOAN SERVICES LLC, by NATIONSTAR MORTGAGE, LLC, its Attorney-in-Fact** has hereunto set its hand on _05/17, 2013_ (MM/DD/YYYY).

By: *Brenda K Higgins*
    Brenda K Higgins
    Assistant Secretary

Signed and delivered in the presence of:

_____ Witness
Traci Garton

STATE OF NEBRASKA
COUNTY OF SCOTTS BLUFF
The foregoing instrument was acknowledged before me on _05, 17, 2013_ (MM/DD/YYYY) by _____Brenda K Higgins_____ as _____Assistant Secretary_____ of NATIONSTAR MORTGAGE, LLC as Attorney-in-Fact for AURORA LOAN SERVICES LLC. He/she/they is (are) personally known to me.

_____
Irene Guerrero
Notary Public - State of NEBRASKA
Commission expires: 09/14/2013

> GENERAL NOTARY - State of Nebraska
> IRENE GUERRERO
> My Comm. Exp. Sept. 14, 2013

**Document Prepared By:** E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152

When Recorded Return To:
NATIONSTAR MORTGAGE LLC
350 HIGHLAND DRIVE
LEWISVILLE, TX 75067

NSBAV 20154108 -- SugarBeet CJ4944096ERP  T0313052012  [PREP] FRMRI1




# EXHIBIT D

Recording Requested By:
Nationstar Mortgage

When Recorded Return To:

DOCUMENT ADMINISTRATION
Nationstar Mortgage
2617 COLLEGE PARK
SCOTTSBLUFF, NE 69361

BK: 404 PG: 394
INST: 00000902

TOWN OF CHARLESTOWN, R.I.
AMY ROSE WEINREICH
TOWN CLERK
May 07,2015 11:55:53A

## CORPORATE ASSIGNMENT OF MORTGAGE

Charlestown Town, Rhode Island
SELLER'S SERVICING      "BOWMAN"

Date of Assignment: January 13th, 2014
Assignor: NATIONSTAR MORTGAGE LLC at 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067
Assignee: WELLS FARGO BANK, N.A. AS TRUSTEE FOR LEHMAN MORTGAGE TRUST MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2007-5 at 9062 OLD ANNAPOLIS RD, COLUMBIA, MD 21045

Executed By: ELIZABETH A BOWMAN  To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK
Date of Mortgage: 04/02/2007 Recorded: 04/06/2007 In Book/Reel/Liber: 308 Page/Folio: 606 as Instrument No.:
00000866  In Charlestown Town, State of Rhode Island.

Property Address: 39 SUNSET DRIVE, CHARLESTOWN, RI 02813

    KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Mortgage having an original principal sum of $695,500.00 with interest, secured thereby, with all moneys now owing
or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the
covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee,
the Assignor's interest under the Mortgage.

    TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the
terms contained in said Mortgage.

 NATIONSTAR MORTGAGE LLC
On _1-15-2014_

By: _Susan Lindhurst_
    Susan Lindhorst        , Assistant
Secretary

STATE OF Nebraska
COUNTY OF Scotts Bluff

On _1-15-2014_, before me, ____Linda D Parks_____, a Notary Public in
and for Scotts Bluff in the State of Nebraska, personally appeared ____Susan Lindhorst____, Assistant
Secretary, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_Linda D Parks_
    Linda D Parks
Notary Expires: _11/1-14-15_

GENERAL NOTARY - State of Nebraska
LINDA D PARKS
My Comm. Exp. Nov. 14, 2015

(This area for notarial seal)

# EXHIBIT E

Nationstar Mortgage, LLC
PO Box 9095
Temecula, CA 92589-9095

Send Payments to:
Nationstar Mortgage
350 Highland Drive
Lewisville, TX  75067-4177



9314 7100 1170 0738 4858 16

**RETURN RECEIPT REQUESTED**

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

20140502-160

ELIZABETH A. BOWMAN
39 SUNSET DR
CHARLESTOWN, RI 02813-1013





05/02/2014

Sent Via Certified Mail
9314 7100 1170 0738 4858 16

ELIZABETH A. BOWMAN
39 SUNSET DR
CHARLESTOWN, RI 02813-1013

Loan Number:      598466688
Property Address:   39 SUNSET DR
                    CHARLESTOWN, RI 02813

Dear ELIZABETH A. BOWMAN:

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT NATIONSTAR MORTGAGE LLC ("NATIONSTAR") IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY TO THE EXTENT THAT IT IS INCLUDED IN YOUR BANKRUPTCY OR HAS BEEN DISCHARGED, BUT IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY.**

If you are represented by an attorney, please send this notice to your attorney.

Nationstar is the mortgage loan servicer for "Wells Fargo Bank, N.A as Trustee for Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5".

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

You have not made payments on your loan since 12/01/2008. You are now due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$352,637.40**. In order to cure this default, you must pay the total amount due of **$352,637.40** in addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Nationstar at 1-888-480-2432 to request the full amount owed on your account as the amount due on the day that you pay may be greater than stated above, due to interest, late charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this letter. Any advances made by Nationstar subsequent to the date of this letter to protect the lien position and property must be added to the total amount necessary to cure the default. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.



RI_NOI
Page 1 of 3

9314 7100 1170 0738 4858 16

All reinstatement payments must be made payable in **certified funds, cashier's check or money order(s)** and mailed to **Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177**. You may call Nationstar at 1-888-480-2432 if you have questions regarding your account or write to Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177.

Unless otherwise required by applicable law, Nationstar is not obligated to accept less than the full amount owed. If you send less than the full amount owed, Nationstar may, in its sole discretion, apply such partial payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

**$352,637.40** must be paid by **06/18/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on 06/01/2014 is still due on 06/01/2014 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

Failure to pay **$352,637.40** by **06/18/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Nationstar.

If you request in writing, Nationstar will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Nationstar will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Nationstar's Foreclosure Prevention Department at 1-888-480-2432 or visit www.nationstarmtg.com/PaymentAssistance for additional information and to see what options may be available to you.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-HOPE (4673) or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**: Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, **AND** joined after signing the Note and Security Instrument now in default, please notify Nationstar immediately. When contacting Nationstar as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil or 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also call Nationstar toll-free at 1-888-480-2432 if you have questions about your rights under SCRA.

9314 7100 1170 0738 4858 16

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Sincerely,

Pamela Stone
Dedicated Loan Specialist
Nationstar Mortgage LLC
1-(877) 782-761 ext. 1015920
350 Highland Drive
Lewisville, TX 75067-4177



9314 7100 1170 0738 4858 16

Nationstar Mortgage, LLC
PO Box 9095
Temecula, CA 92589-9095



9314 7100 1170 0738 4858 09

Send Payments to:
Nationstar Mortgage
350 Highland Drive
Lewisville, TX  75067-4177

```
PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO
```

**RETURN RECEIPT REQUESTED**

20140502-160

ELIZABETH A. BOWMAN
79 FRANKLIN ST
WESTERLY, RI 02891-3136



RI_NOI



05/02/2014

Sent Via Certified Mail
9314 7100 1170 0738 4858 09

ELIZABETH A. BOWMAN
79 FRANKLIN ST
WESTERLY, RI 02891-3136

Loan Number:        598466688
Property Address:   39 SUNSET DR
                    CHARLESTOWN, RI 02813

Dear ELIZABETH A. BOWMAN:

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT NATIONSTAR MORTGAGE LLC ("NATIONSTAR") IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY TO THE EXTENT THAT IT IS INCLUDED IN YOUR BANKRUPTCY OR HAS BEEN DISCHARGED, BUT IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY.**

If you are represented by an attorney, please send this notice to your attorney.

Nationstar is the mortgage loan servicer for "Wells Fargo Bank, N.A as Trustee for Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5".

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

You have not made payments on your loan since 12/01/2008. You are now due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$352,637.40**. In order to cure this default, you must pay the total amount due of **$352,637.40** in addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Nationstar at 1-888-480-2432 to request the full amount owed on your account as the amount due on the day that you pay may be greater than stated above, due to interest, late charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this letter. Any advances made by Nationstar subsequent to the date of this letter to protect the lien position and property must be added to the total amount necessary to cure the default. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.



All reinstatement payments must be made payable in **certified funds, cashier's check or money order(s)** and mailed to **Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177**. You may call Nationstar at 1-888-480-2432 if you have questions regarding your account or write to Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, TX 75067-4177.

Unless otherwise required by applicable law, Nationstar is not obligated to accept less than the full amount owed. If you send less than the full amount owed, Nationstar may, in its sole discretion, apply such partial payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

**$352,637.40** must be paid by **06/18/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on 06/01/2014 is still due on 06/01/2014 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

Failure to pay **$352,637.40** by **06/18/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Nationstar.

If you request in writing, Nationstar will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Nationstar will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Nationstar's Foreclosure Prevention Department at 1-888-480-2432 or visit www.nationstarmtg.com/PaymentAssistance for additional information and to see what options may be available to you.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-HOPE (4673) or visit http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**: Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, AND joined after signing the Note and Security Instrument now in default, please notify Nationstar immediately. When contacting Nationstar as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil or 1-800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified counseling agencies (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also call Nationstar toll-free at 1-888-480-2432 if you have questions about your rights under SCRA.

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Sincerely,

Pamela Stone
Dedicated Loan Specialist
Nationstar Mortgage LLC
1-(877) 782-761 ext. 1015920
350 Highland Drive
Lewisville, TX 75067-4177



9314 7100 1170 0738 4858 09

# EXHIBIT F

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

**Certified Article Number**

9414 7266 9904 2041 1895 65

**SENDERS RECORD**

May 22, 2015

Elizabeth A. Bowman
39 Sunset Drive
Charlestown, RI 02813

VIA FIRST CLASS MAIL &
CERTIFIED MAIL

Our File No. 13-014214

Dear Sir/Madam:

Please be advised that this office represents Nationstar Mortgage LLC as servicer for Wells Fargo Bank, National Association, As Trustee For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5 (Holder) the present holder of your mortgage to Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers Bank, FSB., dated April 2, 2007 in the original principal amount of $695,500.00. The Holder has brought to our attention your delinquent mortgage account regarding the property located at 39 Sunset Drive, Charlestown, RI 02813. You are hereby notified that the Holder hereby elects to accelerate the entire indebtedness and declares the entire balance due and payable forthwith and without further notice. Our client has advised that as of May 22, 2015, the amount of the debt is $1,081,949.42. Please note that because interest and other charges continue to accrue pursuant to the terms of the loan documents, the above figure is subject to change. If you would like a payoff statement on your loan, please contact the undersigned.

You are hereby further notified that it is the intention of the Holder to foreclose said Mortgage under the Power of Sale for breach of the conditions of the loan documents.

Please be advised that the amount necessary to reinstate or pay off your loan changes daily. Therefore, if you desire to reinstate or pay off your loan, please contact this office and it will obtain the amount necessary to reinstate or pay off your loan. Please also be advised, however, that the Holder reserves its right, if allowed by the loan documents and applicable law, to refuse to accept a reinstatement and to insist upon full payment of all amounts due.

UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT AND MAIL YOU A COPY OF SUCH VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THE LAW DOES NOT REQUIRE THIS OFFICE TO WAIT UNTIL THE END OF THE THIRTY (30) DAY PERIOD BEFORE PROCEEDING WITH LEGAL ACTION TO COLLECT THIS DEBT.

IF HOWEVER, YOU REQUEST IN WRITING PROOF OF THE DEBT OR ANY PORTION THEREOF OR IF YOU REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WITHIN THE THIRTY (30) DAYS FROM THE DATE YOU RECEIVE THIS LETTER, THE FAIR DEBT COLLECTION PRACTICES ACT REQUIRES US TO SUSPEND OUR EFFORTS TO FORECLOSURE THE MORTGAGE ON YOUR PROPERTY, EVEN IF WE HAVE ALREADY INITIATED FORECLOSURE PROCEEDINGS, UNTIL WE MAIL YOU THE REQUESTED INFORMATION.

Telephone (978) 256-1500    Fax (978) 256-7615
Website: www.kordeassoc.com

PLEASE BE ADVISED THAT THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Wells Fargo Bank, National Association, As Trustee For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5 is aware you have been granted a Chapter 7 Discharge by the United States Bankruptcy Court for the District of Rhode Island in Case #1:13-bk-13047. Accordingly, you will have no personal liability and Wells Fargo Bank, National Association, As Trustee For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5 will have no recourse against you in the event a foreclosure sale of your property fails to generate sufficient funds to satisfy the indebtedness secured by the Mortgage.

**If you (1) did not execute the Promissory Note relating to this mortgage; (2) are in bankruptcy; or (3) have been discharged in bankruptcy, this letter is for informational purposes only and is not intended as an attempt to collect a debt or an act to collect, assess or recover all or any portion of the debt from you personally.**

Sincerely,

Shana L. Costa
SLC/ac

13-014214 / FC01

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

**Certified Article Number**

9414 7266 9904 2041 1895 41

**SENDERS RECORD**

May 22, 2015

Elizabeth A. Bowman
27 Sunset Drive
Charlestown, RI 02813

VIA FIRST CLASS MAIL &
CERTIFIED MAIL

    Our File No. 13-014214

Dear Sir/Madam:

Please be advised that this office represents Nationstar Mortgage LLC as servicer for Wells Fargo Bank, National Association, As Trustee For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5 (Holder) the present holder of your mortgage to Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers Bank, FSB., dated April 2, 2007 in the original principal amount of $695,500.00. The Holder has brought to our attention your delinquent mortgage account regarding the property located at 39 Sunset Drive, Charlestown, RI 02813. You are hereby notified that the Holder hereby elects to accelerate the entire indebtedness and declares the entire balance due and payable forthwith and without further notice. Our client has advised that as of May 22, 2015, the amount of the debt is $1,081,949.42. Please note that because interest and other charges continue to accrue pursuant to the terms of the loan documents, the above figure is subject to change. If you would like a payoff statement on your loan, please contact the undersigned.

You are hereby further notified that it is the intention of the Holder to foreclose said Mortgage under the Power of Sale for breach of the conditions of the loan documents.

Please be advised that the amount necessary to reinstate or pay off your loan changes daily. Therefore, if you desire to reinstate or pay off your loan, please contact this office and it will obtain the amount necessary to reinstate or pay off your loan. Please also be advised, however, that the Holder reserves its right, if allowed by the loan documents and applicable law, to refuse to accept a reinstatement and to insist upon full payment of all amounts due.

UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL YOU A COPY OF SUCH VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THE LAW DOES NOT REQUIRE THIS OFFICE TO WAIT UNTIL THE END OF THE THIRTY (30) DAY PERIOD BEFORE PROCEEDING WITH LEGAL ACTION TO COLLECT THIS DEBT.

IF HOWEVER, YOU REQUEST IN WRITING PROOF OF THE DEBT OR ANY PORTION THEREOF OR IF YOU REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WITHIN THE THIRTY (30) DAYS FROM THE DATE YOU RECEIVE THIS LETTER, THE FAIR DEBT COLLECTION PRACTICES ACT REQUIRES US TO SUSPEND OUR EFFORTS TO FORECLOSURE THE MORTGAGE ON YOUR PROPERTY, EVEN IF WE HAVE ALREADY INITIATED FORECLOSURE PROCEEDINGS, UNTIL WE MAIL YOU THE REQUESTED INFORMATION.

Telephone (978) 256-1500    Fax (978) 256-7615
Website: www.kordeassoc.com

13-014214 / FC01

PLEASE BE ADVISED THAT THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Wells Fargo Bank, National Association, As Trustee For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5 is aware you have been granted a Chapter 7 Discharge by the United States Bankruptcy Court for the District of Rhode Island in Case #1:13-bk-13047. Accordingly, you will have no personal liability and Wells Fargo Bank, National Association, As Trustee For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5 will have no recourse against you in the event a foreclosure sale of your property fails to generate sufficient funds to satisfy the indebtedness secured by the Mortgage.

**If you (1) did not execute the Promissory Note relating to this mortgage; (2) are in bankruptcy; or (3) have been discharged in bankruptcy, this letter is for informational purposes only and is not intended as an attempt to collect a debt or an act to collect, assess or recover all or any portion of the debt from you personally.**

Sincerely,

Shana L. Costa
SLC/ac

13-014214 / FC01

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

**Certified Article Number**

9414 7266 9904 2041 1895 58

**SENDERS RECORD**

May 22, 2015

Elizabeth A. Bowman
c/o Matthew L. Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891

VIA FIRST CLASS MAIL &
CERTIFIED MAIL

Our File No. 13-014214

Dear Sir/Madam:

Please be advised that this office represents Nationstar Mortgage LLC as servicer for Wells Fargo Bank, National Association, As Trustee For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5 (Holder) the present holder of your mortgage to Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers Bank, FSB., dated April 2, 2007 in the original principal amount of $695,500.00. The Holder has brought to our attention your delinquent mortgage account regarding the property located at 39 Sunset Drive, Charlestown, RI 02813. You are hereby notified that the Holder hereby elects to accelerate the entire indebtedness and declares the entire balance due and payable forthwith and without further notice. Our client has advised that as of May 22, 2015, the amount of the debt is $1,081,949.42. Please note that because interest and other charges continue to accrue pursuant to the terms of the loan documents, the above figure is subject to change. If you would like a payoff statement on your loan, please contact the undersigned.

You are hereby further notified that it is the intention of the Holder to foreclose said Mortgage under the Power of Sale for breach of the conditions of the loan documents.

Please be advised that the amount necessary to reinstate or pay off your loan changes daily. Therefore, if you desire to reinstate or pay off your loan, please contact this office and it will obtain the amount necessary to reinstate or pay off your loan. Please also be advised, however, that the Holder reserves its right, if allowed by the loan documents and applicable law, to refuse to accept a reinstatement and to insist upon full payment of all amounts due.

UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL YOU A COPY OF SUCH VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THE LAW DOES NOT REQUIRE THIS OFFICE TO WAIT UNTIL THE END OF THE THIRTY (30) DAY PERIOD BEFORE PROCEEDING WITH LEGAL ACTION TO COLLECT THIS DEBT.

IF HOWEVER, YOU REQUEST IN WRITING PROOF OF THE DEBT OR ANY PORTION THEREOF OR IF YOU REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WITHIN THE THIRTY (30) DAYS FROM THE DATE YOU RECEIVE THIS LETTER, THE FAIR DEBT COLLECTION PRACTICES ACT REQUIRES US TO SUSPEND OUR EFFORTS TO FORECLOSURE THE

Telephone (978) 256-1500    Fax (978) 256-7615
Website: www.kordeassoc.com

13-014214 / FC01

MORTGAGE ON YOUR PROPERTY, EVEN IF WE HAVE ALREADY INITIATED FORECLOSURE PROCEEDINGS, UNTIL WE MAIL YOU THE REQUESTED INFORMATION.

PLEASE BE ADVISED THAT THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Wells Fargo Bank, National Association, As Trustee For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5 is aware you have been granted a Chapter 7 Discharge by the United States Bankruptcy Court for the District of Rhode Island in Case #1:13-bk-13047. Accordingly, you will have no personal liability and Wells Fargo Bank, National Association, As Trustee For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5 will have no recourse against you in the event a foreclosure sale of your property fails to generate sufficient funds to satisfy the indebtedness secured by the Mortgage.

**If you (1) did not execute the Promissory Note relating to this mortgage; (2) are in bankruptcy; or (3) have been discharged in bankruptcy, this letter is for informational purposes only and is not intended as an attempt to collect a debt or an act to collect, assess or recover all or any portion of the debt from you personally.**

Sincerely,

*SC*

Shana L. Costa
SLC/ac

13-014214 / FC01

# Payoff Figures

| | | |
|---|---|---|
| Per Diem | $142.4800 | |
| # of Days | -21 | |
| # of Accel letters | 3 | |
| Payoff Amount | $1,084,007.06 | |

| | | | |
|---|---|---|---|
| Per Diem | | | ($2,992.08) |
| Attorney Fee | | | $910.00 |
| Skip Trace @ | $5.00 | 1 | $5.00 |
| Title | | | $0.00 |
| Postage @ | $6.48 | | $19.44 |
| Payoff Amount | | | $1,084,007.06 |

**TOTAL PAYOFF:**                   $1,081,949.42

| | | |
|---|---|---|
| Figures Date: | 6/12/2015 | g/t date of quote |
| Accel Date: | 5/22/2015 | date of letter |

| | |
|---|---|
| Interest Rate | 7.38% |
| Principal Balance | $695,500.00 |
| Per Diem | $142.48 |

OCWEN FIGURES

| | |
|---|---|
| Principal Balance: | $0.00 |
| Escrow Bal/Adv: | $0.00 |
| Forbearance Bal: | $0.00 |
| Misc Suspense Bal: | $0.00 |
| Other Suspense Bal: | $0.00 |
| Accrued interest: | $0.00 |
| Late Charges: | $0.00 |
| Monthly Late Charge: | $0.00 |
| Fee Billing Balance: | $0.00 |
| OCWEN PAYOFF: | $0.00 |

MAY-18-2015  15:13          KORDE & ASSOCIATES, PC                              P.002/002
Fax Server          5/18/2015 2:10:24 PM   PAGE   2/002   Fax Server

REPRESENTATION OF PRINTED DOCUMENT



**MORTGAGE PAYOFF STATEMENT**

RETURN SERVICE ONLY
PLEASE DO NOT SEND MAIL TO THIS ADDRESS
P.O. Box 619063
DALLAS, TX 75261-9063

### CONTACT INFORMATION

Customer Service: 1-888-480-2432
Monday - Thursday; 8:00 a.m. - 8 p.m. CT
Friday; 8:00 a.m. - 6 p.m. CT
MyNationstar.com

2-092-24472-0000149-001—

KORDE & ASSOCIATES, PC
79 FRANKLIN ST C/O MATTHEW L LEWISS
LEWISS LAW ASSOCIATES LLP
WESTERLY RI 02891

| | |
|---|---|
| Statement Date: | 05/18/2015 |
| Payment Due Date: | 12/01/2008 |
| Loan Number: | 0598466688 |
| Loan Type: | CONV |
| Investor Number: | AEO |
| Property Address: | ELIZABETH A BOWMAN |
| | 39 SUNSET DR |
| | CHARLESTOWN RI 02813 |

Recipient Fax:          (978) 258-7615
Recipient Email:
Third Party Email:

### QUOTE CALCULATION DETAIL

| | |
|---|---|
| Current Unpaid Principal Balance: | $695,500.00 |
| (at annual interest rate of 7.375%) | |
| Interest calculated from 11/01/2008 to 06/12/2015 | $339,225.70 |
| Late Fees | $254.16 |
| Lender Paid Expenses | $12,089.39 |
| Escrow Advances | $35,014.69 |
| Legal Fees | $873.64 |
| County Recording Fee | $50.00 |

### SUM AS OF QUOTE DATE

| | |
|---|---|
| Principal and Interest | $4,274.43 |
| Escrow Payment | $457.83 |
| Monthly Mortgage Payment | $4,732.26 |
| | |
| Escrow Balance* | |
| Suspense Balance** | |
| Daily Interest Per Diem | $142.48 |

*Escrow balance cannot be used as credit toward payoff. Escrow Balance is subject to change and may not be used towards the payoff of the loan unless written authorization from mortgagor(s) is received.

**Suspense balance is subject to change.

### PROJECTED ESTIMATED DISBURSEMENTS

| Estimated Disbursements | Due Date | Amount |
|---|---|---|
| HAZARD SFR -100 | 07/03/2015 | $3,283.00 |

### Total Amount to Pay Loan in Full (through 06/12/2015)    $1,084,007.05

We will continue to make disbursements of all escrow items (hazard, flood, PMI/MIP, taxes, etc.) up to the date of payoff. It is the responsibility of the borrower(s) and their closing agent to obtain a refund should a double payment occur.

Continue to make scheduled payments. If payoff is received after 05/12/2015 and a payment has not been made, a late charge may be assessed and should be added to the payoff amount due. Do not stop payment on any payments remitted prior to your payoff closing date. If any payment previously applied to this account is returned or dishonored for any reason, the payoff amount will be insufficient.

Total amount due is good through 06/12/2015. Funds received after this date or funds that cannot be posted due to missing or incorrect information will require an additional $142.48 of interest per day. Funds that cannot be clearly identified will be returned and additional fees, costs and disbursements will continue to accrue.

### PAYMENT INSTRUCTIONS

**WIRING INSTRUCTIONS:**
Account #: 405900005984466688
ABA/Routing Number: 121000248
Bank Name: Wells Fargo Bank, N.A.
Bank Address: 420 Montgomery Street, San Francisco, CA 94104

**CASHIERS CHECKS* VIA MAIL/OVERNIGHT:**
Cashiers Checks* must be made payable to
Nationstar Mortgage and mailed to:
Nationstar Mortgage LLC
ATTN: Account Services
8950 Cypress Waters Boulevard
Coppell, TX 75019
*Customer Name, Loan Number, and Property Address should be provided on all cashier's checks and correspondence

### IMPORTANT NOTICES

**PAYOFF FUNDS MUST BE REMITTED VIA WIRE TRANSFER OR CASHIER'S CHECK ONLY**

We do not accept personal checks, third party checks, attorney/trustee checks, money orders, advance entries, direct deposit, internal bank-to-bank adjustments or other negotiable instruments. Check instruments stamped with verbiage "certified funds" do not suffice. Any payoff proceeds received that are not in the form of a cashier's check or wire will be returned to the sender. Additional fees, costs, disbursements and interest may continue to accrue on the loan until the adequate payoff funds are received to satisfy the mortgage.

Funds must be received by 5:00 pm CT for same day processing. Funds received after 5:00 pm CT will be posted the following business day. Payoff funds are not posted on weekends or holidays. Interest will continue to accrue on the loan for these days.

All payoff figures are subject to final verification of the note holder. We may adjust any portion of this statement, at anytime, for the following reasons, including but not limited to: escrow disbursements made on behalf of the customer, fee advances, items returned by your financial institution including previously made payments, additional fees or charges, and any good faith and/or inadvertent clerical errors.

If you do not send sufficient funds to pay your loan in full we will complete the payoff utilizing funds from your escrow account when express written authorization is received. Interest will continue to accrue until we receive full payment.

Upon processing of payment in full, and within State specified guidelines, the necessary documents will be forwarded to the Trustee and/or County Recorder's Office to release our lien. When applicable, and as mandated by state guidelines, any overpayment or remaining escrow funds will be disbursed off the loan no more than 20 business days after the payoff has occurred and will subsequently be mailed thereafter. If you are moving, please provide your new mailing address for refunds, year-end statements and other documents.

Nationstar Mortgage is a debt collector. Nationstar is attempting to collect a debt and any information obtained will be used for that purpose. However, if yours in in bankruptcy or received a bankruptcy discharge of this debt, this communication is not an attempt to collect the debt against you personally, but is notice of possible enforcement of the lien against the collateral property.

Nationstar will not provide a verbal payoff quote.

If you are currently enrolled in an E-Pay/Direct Pay/ACH Payment Program, please ensure you discontinue that service in an effort to avoid any unnecessary debits against your bank account.

INTERNET REPRINT                                                    POVC

TOTAL P.002

WALZ
CERTIFIED
MAILER®

FROM **WALZ**

FORM #35863 VERSION: 02/15
U.S. PAT. NO. 5,501,393

9414 7266 9904 2041 1895 65

**TO:**
Elizabeth A. Bowman
39 Sunset Drive
Charlestown, RI 02813

Label #1

Elizabeth A. Bowman
39 Sunset Drive
Charlestown, RI 02813

13-014214-RI

**SENDER:**
Rhode Island

**REFERENCE:**
Bowman, Elizabeth A./CXE/13-014214-RI

Label #2

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | 0.48 |
| | Certified Fee | 3.30 |
| | Return Receipt Fee | 2.70 |
| | Restricted Delivery | |
| | Total Postage & Fees | 6.48 |

Label #3

Elizabeth A. Bowman
39 Sunset Drive
Charlestown, RI 02813

13-014214-RI

**USPS®**
**Receipt for**
**Certified Mail®**

No Insurance Coverage Provided
Do Not Use for International Mail

POSTMARK OR DATE

FOLD AND TEAR THIS WAY ⟶ OPTIONAL

Label #5

Elizabeth A. Bowman
39 Sunset Drive
Charlestown, RI 02813

13-014214-RI

Label #6

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS  FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9414 7266 9904 2041 1895 65

Charge Amount:

Charge To:

FOLD AND TEAR THIS WAY ⟶

2. Article Number

9414 7266 9904 2041 1895 65

3. Service Type  CERTIFIED MAIL®

4. Restricted Delivery? (Extra Fee)  ☐ Yes

1. Article Addressed to:

Elizabeth A. Bowman
39 Sunset Drive
Charlestown, RI 02813

Bowman, Elizabeth A./CXE/13-014214-RI

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature

X
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

PS Form 3811, January 2005   Domestic Return Receipt

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Thank you for using Return Receipt Service

Thank you for using Return Receipt Service

WALZ
CERTIFIED
MAILER®

FROM **WALZ**

FORM #35663 VERSION: 02/15
U.S. PAT. NO. 5,501,393

9414 7266 9904 2041 1895 41

**TO:**
Elizabeth A. Bowman
27 Sunset Drive
Charlestown, RI 02813

Label #1

Elizabeth A. Bowman
27 Sunset Drive
Charlestown, RI 02813

13-014214-RI

**SENDER:**
Rhode Island
**REFERENCE:**
Bowman, Elizabeth A./CXE/13-
014214-RI

Label #2

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | 0.48 |
| | Certified Fee | 3.30 |
| | Return Receipt Fee | 2.70 |
| | Restricted Delivery | |
| | Total Postage & Fees | 6.48 |

**USPS®**
**Receipt for**
**Certified Mail®**

No Insurance Coverage Provided
Do Not Use for International Mail

POSTMARK OR DATE

Label #3

Elizabeth A. Bowman
27 Sunset Drive
Charlestown, RI 02813

13-014214-RI

FOLD AND TEAR THIS WAY ⟶ OPTIONAL

Label #5

Elizabeth A. Bowman
27 Sunset Drive
Charlestown, RI 02813

13-014214-RI

Label #6

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS  FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9414 7266 9904 2041 1895 41

Charge
Amount:

Charge
To:

FOLD AND TEAR THIS WAY ⟶

2. Article Number

9414 7266 9904 2041 1895 41

3. Service Type   CERTIFIED MAIL®

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

1. Article Addressed to:

Elizabeth A. Bowman
27 Sunset Drive
Charlestown, RI 02813

Bowman, Elizabeth A./CXE/13-014214-RI

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature
X                          ☐ Agent
                           ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:            ☐ No

PS Form 3811, January 2005          Domestic Return Receipt

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Thank you for using Return Receipt Service

Thank you for using Return Receipt Service

WALZ
CERTIFIED
MAILER®

FROM **WALZ**

FORM #35863 VERSION: 02/15
U.S. PAT. NO. 5,501,393

9414 7266 9904 2041 1895 58

**Label #1**

Elizabeth A. Bowman
c/o Matthew L.Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891

13-014214-RI

**TO:**

Elizabeth A. Bowman
c/o Matthew L.Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891

**SENDER:**
Rhode Island

**REFERENCE:**
Bowman, Elizabeth A./CXE/13-014214-RI

PS Form 3800, January 2005

**Label #2**

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | 0.48 |
| | Return Receipt Fee | 3.30 |
| | Restricted Delivery | 2.70 |
| | Total Postage & Fees | |
| | | 6.48 |

POSTMARK OR DATE

**Label #3**

Elizabeth A. Bowman
c/o Matthew L.Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891

13-014214-RI

**USPS®**
**Receipt for**
**Certified Mail®**

No Insurance Coverage Provided
Do Not Use for International Mail

FOLD AND TEAR THIS WAY ⟶ OPTIONAL

**Label #5**

Elizabeth A. Bowman
c/o Matthew L.Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891

13-014214-RI

**Label #6**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9414 7266 9904 2041 1895 58

Charge
Amount:

Charge
To:

FOLD AND TEAR THIS WAY

**2. Article Number**

9414 7266 9904 2041 1895 58

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature
X                                        ☐ Agent
                                         ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

**3. Service Type   CERTIFIED MAIL®**

**4. Restricted Delivery?** *(Extra Fee)*   ☐ Yes

**1. Article Addressed to:**

Elizabeth A. Bowman
c/o Matthew L.Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891

Bowman, Elizabeth A./CXE/13-014214-RI

PS Form 3811, January 2005          Domestic Return Receipt

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Thank you for using Return Receipt Service

Thank you for using Return Receipt Service

# EXHIBIT G

# KORDE & ASSOCIATES, P.C.

Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

July 31, 2015

Elizabeth A. Bowman
39 Sunset Drive
Charlestown, RI 02813



Certified Article Number

9414 7266 9904 2047 0838 05

SENDERS RECORD

CEIPT

Please reference our File #: 13-014214/ Bowman

RE:    Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 at 09:12:04 AM in Book 308
at Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
Property Address: 39 Sunset Drive, Charlestown, RI 02813

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been
discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely
intended to advise you of the pending liquidation of the loan.

In the event that there is a deficiency resulting from said foreclosure, proceedings may be
instituted against you for the purpose of collecting said deficiency.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

Telephone (978) 256-1500        Telefax (978) 256-7615
Website: www.kordeassoc.com

13-014214 / FC01

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts  01824-4100
Attorneys Licensed in MA, NH, NY and RI

## NOTICE TO SERVICEMEMBERS

A servicemember on active duty or deployment or who has recently ceased such duty or deployment has certain rights under subsection 34-27-4(d) of the Rhode Island general laws set out below. To protect your rights if you are such a servicemember, you should give written notice to the servicer of the obligation or the attorney conducting the foreclosure, prior to the sale, that you are a servicemember on active duty or deployment or who has recently ceased such duty or deployment. This notice may be given on your behalf by your authorized representative. If you have any questions about this notice, you should consult with an attorney.

Excerpt from Rhode Island General Laws Section 34-27-4:

(d) Foreclosure sales affecting servicemembers.-
    (1) The following definitions shall apply to this subsection and to subsection (c):
        (i) "Servicemember" means a member of the Army, Navy, Air Force, Marine Corps, or Coast Guard and members of the National Guard or Reserves called to active duty.
        (ii) "Active duty" has the same meaning as the term is defined in 10 U.S.C. sections 12301 through 12304. In the case of a member of the National Guard, or Reserves "active duty" means service under a call to active service authorized by the President or the Secretary of Defense for a period of time of more than thirty (30) consecutive days under 32 U.S.C. section 502(f), for the purposes of responding to a national emergency declared by the President and supported by federal funds.

    (2) This subsection applies only to an obligation on real and related personal property owned by a service member that:
        (i) Originated before the period of the servicemember's military service or in the case of a member of the National Guard or Reserves originated before being called into active duty and for which the servicemember is still obligated; and
        (ii) Is secured by a mortgage or other security in the nature of a mortgage.

(3) Stay of right to foreclose by mortgagee. – Upon receipt of written notice from the mortgagor or mortgagor's authorized representative that the mortgagor is participating in active duty or deployment or that the notice as provided in subsection (c) was received within nine (9) months of completion of active duty or deployment, the mortgagee shall be barred from proceeding with the execution of sale of the property as defined in the notice until such nine (9) month period has lapsed or until the mortgagee obtains court approval in accordance with subdivision (d)(5) below.

(4) Stay of proceedings and adjustment of obligation. – In the event a mortgagee proceeds with foreclosure of the property during, or within nine (9) months after a servicemember's period of active duty or deployment notwithstanding receipt of notice contemplated by subdivision (d)(3) above, the servicemember or his or her authorized representative may file a petition against the

mortgagee seeking a stay of such foreclosure, after a hearing on such petition, and on its own motion, the court may:

    (i) Stay the proceedings for a period of time as justice and equity require; or

    (ii) Adjust the obligation as permitted by federal law to preserve the interests of all parties.

(5) Sale or foreclosure.- A sale, foreclosure or seizure of property for a breach of an obligation of a servicemember who is entitled to the benefits under subsection (d) and who provided the mortgagee with written notice permitted under subdivision (d)(3) shall not be valid if made during, or within nine (9) months after, the period of the servicemember's military service except:

    (i) Upon a court order granted before such sale, foreclosure or seizure after hearing on a petition filed by the mortgagee against such servicemember; or

    (ii) If made pursuant to an agreement of all parties.

(6) Penalties.- A mortgagee who knowingly makes or causes to be made a sale, foreclosure or seizure of property that is prohibited by subsection (d)(3) shall be fined the sum of one thousand dollars ($1,000), or imprisoned for not more than one year, or both. The remedies and rights provided hereunder are in addition to and do not preclude any remedy for wrongful conversion otherwise available under law to the person claiming relief under this section, including consequential and punitive damages.

(7) Any petition hereunder shall be commenced by action filed in the superior court for the county in which the property subject to the mortgage or other security in the nature of a mortgage is situated. Any hearings on such petition shall be conducted on an expedited basis following such notice and/or discovery as the court deems proper.

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

July 31, 2015

Elizabeth A. Bowman
27 Sunset Drive
Charlestown, RI 02813



Certified Article Number

9414 7266 9904 2047 0837 82   CEIPT

SENDERS RECORD

Please reference our File #: 13-014214/ Bowman

RE:   Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 at 09:12:04 AM in  Book 308
at Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
Property Address: 39 Sunset Drive, Charlestown, RI 02813

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been
discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely
intended to advise you of the pending liquidation of the loan.

In the event that there is a deficiency resulting from said foreclosure, proceedings may be
instituted against you for the purpose of collecting said deficiency.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

### NOTICE TO SERVICEMEMBERS

<u>A servicemember on active duty or deployment or who has recently ceased such duty or deployment has certain rights under subsection 34-27-4(d) of the Rhode Island general laws set out below. To protect your rights if you are such a servicemember, you should give written notice to the servicer of the obligation or the attorney conducting the foreclosure, prior to the sale, that you are a servicemember on active duty or deployment or who has recently ceased such duty or deployment. This notice may be given on your behalf by your authorized representative. If you have any questions about this notice, you should consult with an attorney.</u>

Excerpt from Rhode Island General Laws Section 34-27-4:

(d) Foreclosure sales affecting servicemembers.-
    (1) The following definitions shall apply to this subsection and to subsection (c):
        (i) "Servicemember" means a member of the Army, Navy, Air Force, Marine Corps, or Coast Guard and members of the National Guard or Reserves called to active duty.
        (ii) "Active duty" has the same meaning as the term is defined in 10 U.S.C. sections 12301 through 12304. In the case of a member of the National Guard, or Reserves "active duty" means and includes service under a call to active service authorized by the President or the Secretary of Defense for a period of time of more than thirty (30) consecutive days under 32 U.S.C. section 502(f), for the purposes of responding to a national emergency declared by the President and supported by federal funds.

    (2) This subsection applies only to an obligation on real and related personal property owned by a service member that:
        (i) Originated before the period of the servicemember's military service or in the case of a member of the National Guard or Reserves originated before being called into active duty and for which the servicemember is still obligated; and
        (ii) Is secured by a mortgage or other security in the nature of a mortgage.

(3) Stay of right to foreclose by mortgagee. – Upon receipt of written notice from the mortgagor or mortgagor's authorized representative that the mortgagor is participating in active duty or deployment or that the notice as provided in subsection (c) was received within nine (9) months of completion of active duty or deployment, the mortgagee shall be barred from proceeding with the execution of sale of the property as defined in the notice until such nine (9) month period has lapsed or until the mortgagee obtains court approval in accordance with subdivision (d)(5) below.

(4) Stay of proceedings and adjustment of obligation. – In the event a mortgagee proceeds with foreclosure of the property during, or within nine (9) months after a servicemember's period of active duty or deployment notwithstanding receipt of notice contemplated by subdivision (d)(3) above, the servicemember or his or her authorized representative may file a petition against the

mortgagee seeking a stay of such foreclosure, after a hearing on such petition, and on its own motion, the court may:

(i) Stay the proceedings for a period of time as justice and equity require; or

(ii) Adjust the obligation as permitted by federal law to preserve the interests of all parties.

(5) Sale or foreclosure.- A sale, foreclosure or seizure of property for a breach of an obligation of a servicemember who is entitled to the benefits under subsection (d) and who provided the mortgagee with written notice permitted under subdivision (d)(3) shall not be valid if made during, or within nine (9) months after, the period of the servicemember's military service except:

(i) Upon a court order granted before such sale, foreclosure or seizure after hearing on a petition filed by the mortgagee against such servicemember; or

(ii) If made pursuant to an agreement of all parties.

(6) Penalties.- A mortgagee who knowingly makes or causes to be made a sale, foreclosure or seizure of property that is prohibited by subsection (d)(3) shall be fined the sum of one thousand dollars ($1,000), or imprisoned for not more than one year, or both. The remedies and rights provided hereunder are in addition to and do not preclude any remedy for wrongful conversion otherwise available under law to the person claiming relief under this section, including consequential and punitive damages.

(7) Any petition hereunder shall be commenced by action filed in the superior court for the county in which the property subject to the mortgage or other security in the nature of a mortgage is situated. Any hearings on such petition shall be conducted on an expedited basis following such notice and/or discovery as the court deems proper.

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

July 31, 2015

Elizabeth A. Bowman
c/o Matthew L.Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891



Certified Article Number

9414 7266 9904 2047 0837 99

SENDERS RECORD

EIPT

Please reference our File #: 13-014214/ Bowman

RE:   Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 at 09:12:04 AM in Book 308
at Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
Property Address: 39 Sunset Drive, Charlestown, RI 02813

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been
discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely
intended to advise you of the pending liquidation of the loan.

In the event that there is a deficiency resulting from said foreclosure, proceedings may be
instituted against you for the purpose of collecting said deficiency.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

## NOTICE TO SERVICEMEMBERS

A servicemember on active duty or deployment or who has recently ceased such duty or deployment has certain rights under subsection 34-27-4(d) of the Rhode Island general laws set out below. To protect your rights if you are such a servicemember, you should give written notice to the servicer of the obligation or the attorney conducting the foreclosure, prior to the sale, that you are a servicemember on active duty or deployment or who has recently ceased such duty or deployment. This notice may be given on your behalf by your authorized representative. If you have any questions about this notice, you should consult with an attorney.

Excerpt from Rhode Island General Laws Section 34-27-4:

(d) Foreclosure sales affecting servicemembers.-
    (1) The following definitions shall apply to this subsection and to subsection (c):
        (i) "Servicemember" means a member of the Army, Navy, Air Force, Marine Corps, or Coast Guard and members of the National Guard or Reserves called to active duty.
        (ii) "Active duty" has the same meaning as the term is defined in 10 U.S.C. sections 12301 through 12304. In the case of a member of the National Guard, or Reserves "active duty" means and includes service under a call to active service authorized by the President or the Secretary of Defense for a period of time of more than thirty (30) consecutive days under 32 U.S.C. section 502(f), for the purposes of responding to a national emergency declared by the President and supported by federal funds.

    (2) This subsection applies only to an obligation on real and related personal property owned by a service member that:
        (i) Originated before the period of the servicemember's military service or in the case of a member of the National Guard or Reserves originated before being called into active duty and for which the servicemember is still obligated; and
        (ii) Is secured by a mortgage or other security in the nature of a mortgage.

    (3) Stay of right to foreclose by mortgagee. – Upon receipt of written notice from the mortgagor or mortgagor's authorized representative that the mortgagor is participating in active duty or deployment or that the notice as provided in subsection (c) was received within nine (9) months of completion of active duty or deployment, the mortgagee shall be barred from proceeding with the execution of sale of the property as defined in the notice until such nine (9) month period has lapsed or until the mortgagee obtains court approval in accordance with subdivision (d)(5) below.

    (4) Stay of proceedings and adjustment of obligation. – In the event a mortgagee proceeds with foreclosure of the property during, or within nine (9) months after a servicemember's period of active duty or deployment notwithstanding receipt of notice contemplated by subdivision (d)(3) above, the servicemember or his or her authorized representative may file a petition against the

mortgagee seeking a stay of such foreclosure, after a hearing on such petition, and on its own motion, the court may:

> (i) Stay the proceedings for a period of time as justice and equity require; or
> (ii) Adjust the obligation as permitted by federal law to preserve the interests of all parties.

(5) Sale or foreclosure.- A sale, foreclosure or seizure of property for a breach of an obligation of a servicemember who is entitled to the benefits under subsection (d) and who provided the mortgagee with written notice permitted under subdivision (d)(3) shall not be valid if made during, or within nine (9) months after, the period of the servicemember's military service except:

> (i) Upon a court order granted before such sale, foreclosure or seizure after hearing on a petition filed by the mortgagee against such servicemember; or
> (ii) If made pursuant to an agreement of all parties.

(6) Penalties.- A mortgagee who knowingly makes or causes to be made a sale, foreclosure or seizure of property that is prohibited by subsection (d)(3) shall be fined the sum of one thousand dollars ($1,000), or imprisoned for not more than one year, or both. The remedies and rights provided hereunder are in addition to and do not preclude any remedy for wrongful conversion otherwise available under law to the person claiming relief under this section, including consequential and punitive damages.

(7) Any petition hereunder shall be commenced by action filed in the superior court for the county in which the property subject to the mortgage or other security in the nature of a mortgage is situated. Any hearings on such petition shall be conducted on an expedited basis following such notice and/or discovery as the court deems proper.

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts  01824-4100
Attorneys Licensed in MA, NH, NY and RI

July 31, 2015

Rhode Island Housing
Attn: Archie Martins
44 Washington Street
Providence, RI 02903



EIPT

Please reference our File #:  13-014214/ Bowman

### Notice of Intent to Foreclose

RE:   Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
      Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 09:12:04 AM in  Book 308 at
      Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
      Property Address: 39 Sunset Drive, Charlestown, RI 02813

Dear Sir/Madam:

      Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

      A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

      If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

July 31, 2015

Partners for Payment Relief DE II, LLC
3748 West Chester Pike, Suite 103
Newtown Square, PA 19073



Certified Article Number

9414 7266 9904 2047 0838 50

SENDERS RECORD

CEIPT

Please reference our File #:  13-014214/ Bowman

RE:    Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
       Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 09:12:04 AM in  Book 308 at
       Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
       Property Address: 39 Sunset Drive, Charlestown, RI 02813

Dear Sir/Madam:

    Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

    A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

    If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

Telephone (978) 256-1500        Telefax (978) 256-7615
Website : www.kordeassoc.com

13-014214 / FC01

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

July 31, 2015

Charles A. Pisaturo, Jr., Ch. 7 BK Trustee
1055 Elmwood Avenue
Providence, RI 02907



Please reference our File #: 13-014214/ Bowman

RE:  Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 09:12:04 AM in  Book 308 at Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
Property Address: 39 Sunset Drive, Charlestown, RI 02813
**Chapter 7 Bankruptcy Case Number 1:13-bk-13047**

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown, RI 02813.

A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31, 2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

July 31, 2015

Gary L. Donahue, U.S. Trustee
Office of the U.S. Trustee
10 Dorrance Street
Providence, RI 02903



Please reference our File #: 13-014214/ Bowman

RE:   Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
       Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 09:12:04 AM in Book 308 at
       Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
       Property Address: 39 Sunset Drive, Charlestown, RI 02813
       **Chapter 7 Bankruptcy Case Number 1:13-bk-13047**

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

# KORDE & ASSOCIATES, P.C.
### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

July 31, 2015

Barry Randall Bowman
39 Sunset Drive
Charlestown, RI 02813



Certified Article Number

9414 7266 9904 2047 0836 67   CEIPT

SENDERS RECORD

Please reference our File #: 13-014214/ Bowman

RE:   Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 09:12:04 AM in Book 308 at Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
Property Address: 39 Sunset Drive, Charlestown, RI 02813

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown, RI 02813.

A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31, 2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

Telephone (978) 256-1500     Telefax (978) 256-7615
Website: www.kordeassoc.com

13-014214 / FC01

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts  01824-4100
Attorneys Licensed in MA, NH, NY and RI

July 31, 2015

Barry Randall Bowman
P.O. Box 1644
Westerly, RI 02891



Certified Article Number

9414 7266 9904 2047 0838 81

SENDERS RECORD

Please reference our File #:  13-014214/ Bowman

RE:    Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
       Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 09:12:04 AM in  Book 308 at
       Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
       Property Address: 39 Sunset Drive, Charlestown, RI 02813

Dear Sir/Madam:

      Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

      A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

      If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

July 31, 2015



Barry Randall Bowman
27 Sunset Drive
Charlestown, RI 02813

Please reference our File #: 13-014214/ Bowman

RE:   Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 09:12:04 AM in Book 308 at
Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
Property Address: 39 Sunset Drive, Charlestown, RI 02813

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

July 31, 2015



**Certified Article Number**

9414 7266 9904 2047 0838 98   CEIPT

**SENDERS RECORD**

Barry Randall Bowman
c/o Matthew L.Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891

Please reference our File #:  13-014214/ Bowman

RE:   Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 09:12:04 AM in  Book 308 at
Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
Property Address: 39 Sunset Drive, Charlestown, RI 02813

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

# KORDE & ASSOCIATES, P.C.

Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

July 31, 2015

Elizabeth A. Bowman
C/O Attorney James T. Marasco, Esq.
617 Smith Street
Providence, RI 02908



Certified Article Number

9414 7266 9904 2047 0639 04  'EIPT

SENDERS RECORD

Please reference our File #: 13-014214/Bowman

RE:   Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 09:12:04 AM in Book 308 at
Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
Property Address: 39 Sunset Drive, Charlestown, RI 02813
**Chapter 7 Bankruptcy Case Number 1:13-bk-13047**

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

WALZ **WALZ** FROM
CERTIFIED
MAILER®

U.S. PAT. NO. 5,501,393

9414 7266 9904 2047 0838 05

**Label #1**

Elizabeth A. Bowman
39 Sunset Drive
Charlestown, RI 02813

13-014214-RI

TO:

Elizabeth A. Bowman
39 Sunset Drive
Charlestown, RI 02813

SENDER:
        Rhode Island
REFERENCE:
        Bowman, Elizabeth A./CXE/13-
014214-RI

PS Form 3800, January 2005

**Label #2**

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | 0.705 |
| | Return Receipt Fee | 5.45 |
| | Restricted Delivery | 2.80 |
| | Total Postage & Fees | |
| | | 6.955 |

**Label #3**

Elizabeth A. Bowman
39 Sunset Drive
Charlestown, RI 02813

13-014214-RI

POSTMARK OR DATE

**USPS®**
**Receipt for**
**Certified Mail®**

No Insurance Coverage Provided
Do Not Use for International Mail

FOLD AND TEAR THIS WAY ➝ OPTIONAL

**Label #5**

Elizabeth A. Bowman
39 Sunset Drive
Charlestown, RI 02813

13-014214-RI

Label #6

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

Charge
Amount:

Charge
To:

9414 7266 9904 2047 0838 05

FOLD AND TEAR THIS WAY ➝

2. Article Number

9414 7266 9904 2047 0838 05

3. Service Type  **CERTIFIED MAIL®**

4. Restricted Delivery? *(Extra Fee)*  ☐ Yes

1. Article Addressed to:

Elizabeth A. Bowman
39 Sunset Drive
Charlestown, RI 02813

Bowman, Elizabeth A./CXE/13-014214-RI

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature
X                          ☐ Agent
                           ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Thank you for using Return Receipt Service

Thank you for using Return Receipt Service

PS Form 3811, January 2005          Domestic Return Receipt

**WALZ CERTIFIED MAILER®**

FROM **WALZ**

U.S. PAT. NO. 5,501,393

9414 7266 9904 2047 0837 82

TO:

Elizabeth A. Bowman
27 Sunset Drive
Charlestown, RI 02813

Label #1

Elizabeth A. Bowman
27 Sunset Drive
Charlestown, RI 02813

13-014214-RI

SENDER:

Rhode Island

REFERENCE:

Bowman, Elizabeth A./CXE/13-014214-RI

PS Form 3800, January 2005

Label #2

TEAR ALONG THIS LINE

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | 0.705 |
| | Return Receipt Fee | 3.45 |
| | Restricted Delivery | 2.80 |
| | Total Postage & Fees | 6.955 |

Label #3

Elizabeth A. Bowman
27 Sunset Drive
Charlestown, RI 02813

13-014214-RI

**USPS®
Receipt for
Certified Mail®**

No Insurance Coverage Provided
Do Not Use for International Mail

POSTMARK OR DATE

FOLD AND TEAR THIS WAY ⟶ OPTIONAL

Label #5

Elizabeth A. Bowman
27 Sunset Drive
Charlestown, RI 02813

13-014214-RI

Label #6

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9414 7266 9904 2047 0837 82

Charge
Amount:

Charge
To:

FOLD AND TEAR THIS WAY ⟶

Thank you for using Return Receipt Service

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

2. Article Number

9414 7266 9904 2047 0837 82

3. Service Type  **CERTIFIED MAIL®**

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

1. Article Addressed to:

Elizabeth A. Bowman
27 Sunset Drive
Charlestown, RI 02813

Bowman, Elizabeth A./CXE/13-014214-RI

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature

X ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

PS Form 3811, January 2005          Domestic Return Receipt

Thank you for using Return Receipt Service

WALZ
CERTIFIED
MAILER®

FROM **WALZ**

U.S. PAT. NO. 5,501,393

9414 7266 9904 2047 0837 99

**TO:**

Elizabeth A. Bowman
c/o Matthew L.Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891

**Label #1**

Elizabeth A. Bowman
c/o Matthew L.Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891

13-014214-RI

**SENDER:**
Rhode Island
**REFERENCE:**
Bowman, Elizabeth A./CXE/13-014214-RI

PS Form 3800, January 2005

**Label #2**

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | 0.705 |
| | Return Receipt Fee | 3.45 |
| | Restricted Delivery | 2.80 |
| | Total Postage & Fees | 6.955 |

**Label #3**

Elizabeth A. Bowman
c/o Matthew L.Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891

13-014214-RI

**USPS®**
**Receipt for**
**Certified Mail®**

No Insurance Coverage Provided
Do Not Use for International Mail

POSTMARK OR DATE

FOLD AND TEAR THIS WAY ⟶ OPTIONAL

**Label #5**

Elizabeth A. Bowman
c/o Matthew L.Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891

13-014214-RI

**Label #6**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9414 7266 9904 2047 0837 99

Charge
Amount:

Charge
To:

FOLD AND TEAR THIS WAY ⟶

**2. Article Number**

9414 7266 9904 2047 0837 99

**COMPLETE THIS SECTION ON DELIVERY**

| A. Received by (Please Print Clearly) | B. Date of Delivery |
|---|---|
| C. Signature | |
| X | ☐ Agent ☐ Addressee |

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

**3. Service Type   CERTIFIED MAIL®**

**4. Restricted Delivery?** *(Extra Fee)* ☐ Yes

**1. Article Addressed to:**

Elizabeth A. Bowman
c/o Matthew L.Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891

Bowman, Elizabeth A./CXE/13-014214-RI

PS Form 3811, January 2005          Domestic Return Receipt

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Thank you for using Return Receipt Service

Thank you for using Return Receipt Service

**WALZ CERTIFIED MAILER®**

FROM **WALZ**

U.S. PAT. NO. 6,601,393

9414 7266 9904 2047 0838 43

**Label #1**

Rhode Island Housing
Attn: Archie Martins
44 Washington Street
Providence, RI 02903

13-014214-RI

TO:

Rhode Island Housing
Attn: Archie Martins
44 Washington Street
Providence, RI 02903

SENDER:
    Rhode Island

REFERENCE:
    Bowman, Elizabeth A./CXE/13-014214-RI

**Label #2**

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | 0.485 |
| | Return Receipt Fee | 3.45 |
| | Restricted Delivery | 2.80 |
| | Total Postage & Fees | 6.735 |

**Label #3**

Rhode Island Housing
Attn: Archie Martins
44 Washington Street
Providence, RI 02903

13-014214-RI

POSTMARK OR DATE

**USPS®
Receipt for
Certified Mail®**

No Insurance Coverage Provided
Do Not Use for International Mail

FOLD AND TEAR THIS WAY ⟶ OPTIONAL

**Label #5**

Rhode Island Housing
Attn: Archie Martins
44 Washington Street
Providence, RI 02903

13-014214-RI

Label #6

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9414 7266 9904 2047 0838 43

Charge Amount:

Charge To:

FOLD AND TEAR THIS WAY ⟶

Thank you for using Return Receipt Service

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

2. Article Number

9414 7266 9904 2047 0838 43

3. Service Type   CERTIFIED MAIL®

4. Restricted Delivery? (Extra Fee)   ☐ Yes

1. Article Addressed to:

Rhode Island Housing
Attn: Archie Martins
44 Washington Street
Providence, RI 02903

Bowman, Elizabeth A./CXE/13-014214-RI

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature

X                                           ☐ Agent
                                            ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

PS Form 3811, January 2005        Domestic Return Receipt

Thank you for using Return Receipt Service

**CERTIFIED MAILER®**

FROM **WALZ**

9414 7266 9904 2047 0838 50

**TO:**

Label #1

Partners for Payment Relief DE II, LLC
3748 West Chester Pike, Suite 103
Newtown Square, PA 19073

13-014214-RI

Partners for Payment Relief DE II, LLC
3748 West Chester Pike, Suite 103
Newtown Square, PA 19073

**SENDER:**
Rhode Island

**REFERENCE:**
Bowman, Elizabeth A./CXE/13-014214-RI

Label #2

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | | |
|---|---|---|
| Postage | | |
| Certified Fee | 0.485 |
| Return Receipt Fee | 3.45 |
| Restricted Delivery | 2.80 |
| Total Postage & Fees | 6.735 |

Label #3

Partners for Payment Relief DE II, LLC
3748 West Chester Pike, Suite 103
Newtown Square, PA 19073

13-014214-RI

POSTMARK OR DATE

**USPS®**
**Receipt for Certified Mail®**

No Insurance Coverage Provided
Do Not Use for International Mail

FOLD AND TEAR THIS WAY ──➤ OPTIONAL

Label #5

Label #6

Partners for Payment Relief DE II, LLC
3748 West Chester Pike, Suite 103
Newtown Square, PA 19073

13-014214-RI

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

Charge Amount:

Charge To:

9414 7266 9904 2047 0838 50

FOLD AND TEAR THIS WAY ──➤

**2. Article Number**

9414 7266 9904 2047 0838 50

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature

X   ☐ Agent   ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

**3. Service Type   CERTIFIED MAIL®**

**4. Restricted Delivery?** *(Extra Fee)*   ☐ Yes

**1. Article Addressed to:**

Partners for Payment Relief DE II, LLC
3748 West Chester Pike, Suite 103
Newtown Square, PA 19073

Bowman, Elizabeth A./CXE/13-014214-RI

PS Form 3811, January 2005          Domestic Return Receipt

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Thank you for using Return Receipt Service

Thank you for using Return Receipt Service

**WALZ CERTIFIED MAILER®**  FROM **WALZ**    U.S. PAT. NO. 5,501,393    9414 7266 9904 2047 0838 29

**Label #1**
Charles A. Pisaturo, Jr., Trustee
1055 Elmwood Avenue
Providence, RI 02907

13-014214-RI

**TO:**
Charles A. Pisaturo, Jr., Trustee
1055 Elmwood Avenue
Providence, RI 02907

**SENDER:**
Rhode Island
**REFERENCE:**
Bowman, Elizabeth A./CXE/13-014214-RI

PS Form 3800, January 2005

**Label #2**

| RETURN RECEIPT SERVICE | | |
|---|---|---|
| Postage | | |
| Certified Fee | 0.485 | |
| Return Receipt Fee | 3.45 | |
| Restricted Delivery | 2.80 | |
| Total Postage & Fees | 6.735 | |
| | POSTMARK OR DATE | |

**Label #3**
Charles A. Pisaturo, Jr., Trustee
1055 Elmwood Avenue
Providence, RI 02907

13-014214-RI

**USPS®**
**Receipt for Certified Mail®**
No Insurance Coverage Provided
Do Not Use for International Mail

FOLD AND TEAR THIS WAY ⟶ OPTIONAL

**Label #5**
Charles A. Pisaturo, Jr., Trustee
1055 Elmwood Avenue
Providence, RI 02907

13-014214-RI

**Label #6**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9414 7266 9904 2047 0838 29

Charge Amount:

Charge To:

FOLD AND TEAR THIS WAY ⟶

**2. Article Number**

9414 7266 9904 2047 0838 29

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature
X _____    ☐ Agent  ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:    ☐ No

**3. Service Type   CERTIFIED MAIL®**

**4. Restricted Delivery? (Extra Fee)**   ☐ Yes

**1. Article Addressed to:**
Charles A. Pisaturo, Jr., Trustee
1055 Elmwood Avenue
Providence, RI 02907

Bowman, Elizabeth A./CXE/13-014214-RI

PS Form 3811, January 2005        Domestic Return Receipt

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Thank you for using Return Receipt Service

Thank you for using Return Receipt Service

WALZ
CERTIFIED
MAILER®

FROM **WALZ**

U.S. PAT. NO. 5,501,393

9414 7266 9904 2047 0838 36

TO:

Gary L. Donahue, U.S. Trustee
Office of the U.S. Trustee
10 Dorrance Street
Providence, RI 02903

Label #1

Gary L. Donahue, U.S. Trustee
Office of the U.S. Trustee
10 Dorrance Street
Providence, RI 02903

13-014214-RI

SENDER:
        Rhode Island
REFERENCE:
        Bowman, Elizabeth A./CXE/13-014214-RI

PS Form 3800, January 2005

Label #2

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | 0.485 |
| | Return Receipt Fee | 3.45 |
| | Restricted Delivery | 2.80 |
| | Total Postage & Fees | 6.735 |

POSTMARK OR DATE

Label #3

Gary L. Donahue, U.S. Trustee
Office of the U.S. Trustee
10 Dorrance Street
Providence, RI 02903

13-014214-RI

**USPS®**
**Receipt for**
**Certified Mail®**

No Insurance Coverage Provided
Do Not Use for International Mail

FOLD AND TEAR THIS WAY ⟶ OPTIONAL

Label #5

Gary L. Donahue, U.S. Trustee
Office of the U.S. Trustee
10 Dorrance Street
Providence, RI 02903

13-014214-RI

Label #6

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9414 7266 9904 2047 0838 36

Charge
Amount:

Charge
To:

FOLD AND TEAR THIS WAY ⟶

2. Article Number

9414 7266 9904 2047 0838 36

3. Service Type   CERTIFIED MAIL®
4. Restricted Delivery? *(Extra Fee)*      ☐ Yes
1. Article Addressed to:

Gary L. Donahue, U.S. Trustee
Office of the U.S. Trustee
10 Dorrance Street
Providence, RI 02903

Bowman, Elizabeth A./CXE/13-014214-RI

PS Form 3811, January 2005          Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature

X                                    ☐ Agent
                                     ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Thank you for using Return Receipt Service

Thank you for using Return Receipt Service

WALZ
CERTIFIED
MAILER®

FROM **WALZ**

U.S. PAT. NO. 5,551,593

9414 7266 9904 2047 0838 67

**TO:**

Barry Randall Bowman
39 Sunset Drive
Charlestown, RI 02813

Label #1

Barry Randall Bowman
39 Sunset Drive
Charlestown, RI 02813

13-014214-RI

**SENDER:**
Rhode Island
**REFERENCE:**
Bowman, Elizabeth A./CXE/13-014214-RI

Label #2

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | 0.485 |
| | Return Receipt Fee | 3.45 |
| | Restricted Delivery | 2.80 |
| | Total Postage & Fees | 6.735 |

POSTMARK OR DATE

Label #3

Barry Randall Bowman
39 Sunset Drive
Charlestown, RI 02813

13-014214-RI

**USPS®**
**Receipt for**
**Certified Mail®**

No Insurance Coverage Provided
Do Not Use for International Mail

FOLD AND TEAR THIS WAY ⟶ OPTIONAL

Label #5

Barry Randall Bowman
39 Sunset Drive
Charlestown, RI 02813

13-014214-RI

Label #6

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9414 7266 9904 2047 0838 67

Charge
Amount:

Charge
To:

FOLD AND TEAR THIS WAY ⟶

2. Article Number

9414 7266 9904 2047 0838 67

| COMPLETE THIS SECTION ON DELIVERY | | |
|---|---|---|
| A. Received by (Please Print Clearly) | | B. Date of Delivery |
| C. Signature X | | ☐ Agent ☐ Addressee |
| D. Is delivery address different from Item 1? IF YES, enter delivery address below: | | ☐ Yes ☐ No |

3. Service Type   CERTIFIED MAIL®
4. Restricted Delivery? (Extra Fee)   ☐ Yes
1. Article Addressed to:

Barry Randall Bowman
39 Sunset Drive
Charlestown, RI 02813

Bowman, Elizabeth A./CXE/13-014214-RI

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Thank you for using Return Receipt Service

Thank you for using Return Receipt Service

PS Form 3811, January 2005          Domestic Return Receipt

WALZ
CERTIFIED    FROM    **WALZ**
MAILER®

9414 7266 9904 2047 0838 81

TO:

Barry Randall Bowman
P.O. Box 1644
Westerly, RI 02891

Label #1
Barry Randall Bowman
P.O. Box 1644
Westerly, RI 02891

13-014214-RI

SENDER:
Rhode Island
REFERENCE:
Bowman, Elizabeth A./CXE/13-
014214-RI

PS Form 3800, January 2005

Label #2

TEAR ALONG THIS LINE

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | 0.485 |
| | Return Receipt Fee | 3.45 |
| | Restricted Delivery | 2.80 |
| | Total Postage & Fees | 6.735 |

POSTMARK OR DATE

Label #3
Barry Randall Bowman
P.O. Box 1644
Westerly, RI 02891

13-014214-RI

**USPS®**
**Receipt for**
**Certified Mail®**

No Insurance Coverage Provided
Do Not Use for International Mail

FOLD AND TEAR THIS WAY ⟶ OPTIONAL

Label #5
Barry Randall Bowman
P.O. Box 1644
Westerly, RI 02891

13-014214-RI

Label #6

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9414 7266 9904 2047 0838 81

Charge
Amount:

Charge
To:

FOLD AND TEAR THIS WAY

Thank you for using Return Receipt Service

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

2. Article Number

9414 7266 9904 2047 0838 81

3. Service Type  CERTIFIED MAIL®

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

1. Article Addressed to:

Barry Randall Bowman
P.O. Box 1644
Westerly, RI 02891

Bowman, Elizabeth A./CXE/13-014214-RI

PS Form 3811, January 2005        Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature
X                                    ☐ Agent
                                     ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

Thank you for using Return Receipt Service

WALZ FROM WALZ
CERTIFIED
MAILER®

CO. PAT. NO. 0,001,000

9414 7266 9904 2047 0838 74

**TO:**

Barry Randall Bowman
27 Sunset Drive
Charlestown, RI 02813

Label #1    Barry Randall Bowman
27 Sunset Drive
Charlestown, RI 02813

13-014214-RI

**SENDER:**
Rhode Island
**REFERENCE:**
Bowman, Elizabeth A./CXE/13-014214-RI

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | 0.485 |
| | Return Receipt Fee | 3.45 |
| | Restricted Delivery | 2.80 |
| | Total Postage & Fees | 6.735 |

Label #2

Label #3    Barry Randall Bowman
27 Sunset Drive
Charlestown, RI 02813

13-014214-RI

**USPS®**
**Receipt for**
**Certified Mail®**

No Insurance Coverage Provided
Do Not Use for International Mail

POSTMARK OR DATE

FOLD AND TEAR THIS WAY ⟶ OPTIONAL

Label #5

Label #6

Barry Randall Bowman
27 Sunset Drive
Charlestown, RI 02813

13-014214-RI

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9414 7266 9904 2047 0838 74

Charge Amount:

Charge To:

FOLD AND TEAR THIS WAY ⟶

2. Article Number

9414 7266 9904 2047 0838 74

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature
X                                      ☐ Agent
                                       ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type   CERTIFIED MAIL®
4. Restricted Delivery? (Extra Fee)   ☐ Yes
1. Article Addressed to:

Barry Randall Bowman
27 Sunset Drive
Charlestown, RI 02813

Bowman, Elizabeth A./CXE/13-014214-RI

PS Form 3811, January 2005        Domestic Return Receipt

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Thank you for using Return Receipt Service

Thank you for using Return Receipt Service

WALZ CERTIFIED MAILER® FROM **WALZ**   U.S. PAT. NO. 6,601,3V3

9414 7266 9904 2047 0838 98

**TO:**

Barry Randall Bowman
c/o Matthew L.Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891

**Label #1**

Barry Randall Bowman
c/o Matthew L.Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891

13-014214-RI

**SENDER:**
Rhode Island
**REFERENCE:**
Bowman, Elizabeth A./CXE/13-014214-RI

PS Form 3800, January 2005

**Label #2**

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | 0.485 |
| | Return Receipt Fee | 3.45 |
| | Restricted Delivery | 2.80 |
| | Total Postage & Fees | |

Barry Randall Bowman
c/o Matthew L.Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891

13-014214-RI

**Label #3**

6.735

**USPS®**
**Receipt for**
**Certified Mail®**

POSTMARK OR DATE

No Insurance Coverage Provided
Do Not Use for International Mail

FOLD AND TEAR THIS WAY ⟶ OPTIONAL

Label #5

Barry Randall Bowman
c/o Matthew L.Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891

13-014214-RI

Label #8

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9414 7266 9904 2047 0838 98

Charge Amount:

Charge To:

FOLD AND TEAR THIS WAY ⟶

**2. Article Number**

9414 7266 9904 2047 0838 98

**3. Service Type   CERTIFIED MAIL®**

**4. Restricted Delivery?** *(Extra Fee)* ☐ Yes

**1. Article Addressed to:**

Barry Randall Bowman
c/o Matthew L.Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891

Bowman, Elizabeth A./CXE/13-014214-RI

| COMPLETE THIS SECTION ON DELIVERY | |
|---|---|
| A. Received by (Please Print Clearly) | B. Date of Delivery |
| C. Signature X | ☐ Agent ☐ Addressee |
| D. Is delivery address different from item 1? If YES, enter delivery address below: | ☐ Yes ☐ No |

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Thank you for using Return Receipt Service

Thank you for using Return Receipt Service

PS Form 3811, January 2005          Domestic Return Receipt

CERTIFIED MAILER®

**FROM**

9414 7266 9904 2047 0839 04

**TO:**

Elizabeth A. Bowman
C/O Attorney James T. Marasco, Esq.
617 Smith Street
Providence, RI 02908

**Label #1**

Elizabeth A. Bowman
C/O Attorney James T. Marasco, Esq.
617 Smith Street
Providence, RI 02908
13-014214-RI

**SENDER:**

Rhode Island

**REFERENCE:**

Bowman, Elizabeth A./CXE/13-014214-RI

PS Form 3800, January 2005

**Label #2**

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | 0.485 |
| | Return Receipt Fee | 3.45 |
| | Restricted Delivery | 2.80 |
| | Total Postage & Fees | 6.735 |

**Label #3**

Elizabeth A. Bowman
C/O Attorney James T. Marasco, Esq.
617 Smith Street
Providence, RI 02908
13-014214-RI

**USPS®**

**Receipt for Certified Mail®**

No Insurance Coverage Provided
Do Not Use for International Mail

POSTMARK OR DATE

FOLD AND TEAR THIS WAY ⟶ OPTIONAL

**Label #5**

Elizabeth A. Bowman
C/O Attorney James T. Marasco, Esq.
617 Smith Street
Providence, RI 02908
13-014214-RI

**Label #6**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9414 7266 9904 2047 0839 04

Charge Amount:

Charge To:

FOLD AND TEAR THIS WAY ⟶

**2. Article Number**

9414 7266 9904 2047 0839 04

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature

X  ☐ Agent  ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

**3. Service Type**   CERTIFIED MAIL®

**4. Restricted Delivery?** *(Extra Fee)*   ☐ Yes

**1. Article Addressed to:**

Elizabeth A. Bowman
C/O Attorney James T. Marasco, Esq.
617 Smith Street
Providence, RI 02908
Bowman, Elizabeth A./CXE/13-014214-RI    Michael Rymarczyk

PS Form 3811, January 2005           Domestic Return Receipt

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Thank you for using Return Receipt Service

Thank you for using Return Receipt Service

## MORTGAGEE'S SALE
### 39 Sunset Drive, Charlestown, RI 02813

The premises described in the mortgage will be sold subject to all encumbrances and prior liens on September 22, 2015 at 1:00PM on the premises, by virtue of the power of sale contained in a mortgage from Elizabeth A. Bowman dated April 2, 2007 and recorded in Book 308 at Page 606 in the Records of Land Evidence in the Town of Charlestown, RI, the conditions of said mortgage having been broken.

$5,000.00 in cash, certified or bank check is required to bid. Other terms will be announced at the sale.

By order of the Mortgagee which gives notice of its intention to bid at such sale or any postponement or adjournment thereof.

KORDE & ASSOCIATES, P.C.
Attorneys for the Holder of the Mortgage
321 Billerica Road
Suite 210
Chelmsford, MA 01824-4100
(978) 256-1500

(8/31/2015, 9/7/2015, 9/14/2015)

13-014214

13-014214 / FC01

# EXHIBIT H

BK: 412 PG: 140
INST: 00003070

TOWN OF CHARLESTOWN, R.I.
AMY ROSE WEINREICH
TOWN CLERK
Dec 17,2015 10:27:31A

### STATUTORY FORM OF FORECLOSURE DEED
### UNDER POWER OF SALE IN MORTGAGE

Wells Fargo Bank, National Association, As Trustee For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5, with a place of business located c/o Nationstar Mortgage LLC, 8950 Cypress Waters Blvd, Coppell, Texas 75019, holder of a mortgage by Elizabeth A. Bowman dated April 2, 2007, and recorded in the Records of Land Evidence on April 6, 2007 in Charlestown, State of Rhode Island, in Land Evidence Book 308, Page 606 by the power conferred by said mortgage and by every other power it thereunto enabling, for Eight Hundred Eighty-Nine Thousand Five Hundred Eighty-One Dollars and Sixty-Five Cents ($889,581.65) paid, grants to Wells Fargo Bank, National Association, As Trustee For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5 c/o Nationstar Mortgage LLC, 8950 Cypress Waters Blvd, Coppell, Texas 75019 the premises conveyed by said mortgage, described as follows:

The certain tracts or parcels of land, together with any buildings or improvements thereon, located in the Town of Charlestown, County of Washington and State of Rhode Island, bounded and described as follows to wit:

Lots No. 77 and 78 as shown and delineated on a certain plat entitled "Quonocontaug Highlands, Property of Charlestown Estates, Inc. Scale 1 inch equals 50 feet, July 1, 1940, Rosi & Lewis Engrs."

This conveyance is the result of a foreclosure and is exempt from the provisions of R.I.G.L. 23-28.35-1 et seq.

Conveyance is made subject to local, state and federal taxes, assessments and charges, if any, which would constitute a prior lien thereon; and to restrictions, covenants and easements of record, if any.

This transfer of property is such that there are no net proceeds subject to the withholding provisions of R.I.G.L. 44-30-71.3 because there was no net gain or surplus proceeds derived from the foreclosure sale.

TAX $ 4,094.00
DATE 12.17.15
RECO... ....... ...... CHARLESTOWN

007256

RHODE ISLAND
REAL ESTATE CONVEYANCE TAX

Assessors Plat 2, Lot 222

Property Address: 39 Sunset Drive, Charlestown, RI 02813

13-014214 / FC01

BK: 412 PG: 141

IN WITNESS WHEREOF Wells Fargo Bank, National Association, As Trustee For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5 by its Attorney in Fact, Nationstar Mortgage LLC has caused this instrument to be executed by its duly authorized signor this 5 day of *November*, 2015.

> Wells Fargo Bank, National Association, As Trustee
> For Lehman Mortgage Trust Mortgage Pass-Through
> Certificates, Series 2007-5
> By:  Nationstar Mortgage LLC
> Its:  Attorney in Fact
>
> By: _____
> Title:         Kenisha Mathis
>                 **Assistant Secretary**

\*See Power of Attorney recorded herewith.

STATE OF *Texas*
COUNTY OF *Denton*

In *Denton* County on the *November 5*, 2015, before me personally appeared Kenisha Mathis of Nationstar Mortgage LLC, Attorney in Fact for Wells Fargo Bank, National Association, As Trustee For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5 to me known and known by me to be the party executing the foregoing instrument, and he/she acknowledges said instrument by him/her executed to be his/her free act and deed in his/her said capacity and the free act and deed of said Wells Fargo Bank, National Association, As Trustee For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5.

_____
Jean Albert Nguende Pokam
Notary Public:
My commission expires: 06/20/2016

> JEAN ALBERT NGUENDE POKAM
> Notary Public, State of Texas
> My Commission Expires
> June 20, 2016

Assessors Plat 2, Lot 222

Property Address: 39 Sunset Drive, Charlestown, RI 02813

13-014214 / FC01

BK:  412 PG:  142
INST: 00003070

## AFFIDAVIT OF SALE UNDER
## POWER OF SALE IN MORTGAGE

I,_____Kenisha Mathis_____ of Nationstar Mortgage LLC as Attorney in Fact for Wells Fargo Bank, National Association, As Trustee For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5 the Grantor named in the foregoing deed, make oath and say that the principal and interest obligations mentioned in the mortgage above-referred to were not paid or tendered or performed when due or prior to the date of sale, and that The Law Offices of Korde & Associates, P.C. caused to be published on August 31, 2015, September 7, 2015 and September 14, 2015 in the Providence Journal, a public newspaper published in Providence in accordance with the provisions of said mortgage, a notice of said sale of which the following is a true copy:

**MORTGAGEE'S SALE**
**39 Sunset Drive**
**Charlestown, RI 02813**
The premises described in the mortgage will be sold subject to all encumbrances and prior liens on September 22, 2015 at 1:00PM on the premises, by virtue of the power of sale contained in a mortgage from Elizabeth A. Bowman dated April 2, 2007 and recorded in Book 308 at Page 606 in the Records of Land Evidence in the Town of Charlestown, RI, the conditions of said mortgage having been broken.
$5,000.00 in cash, certified or bank check is required to bid. Other terms will be announced at the sale.
By order of the Mortgagee which gives notice of its intention to bid at such sale or any postponement or adjournment thereof.
KORDE & ASSOCIATES, P.C.
Attorneys for the Holder of the Mortgage
321 Billerica Road
Suite 210
Chelmsford, MA 01824-4100
(978) 256-1500
(8/31/2015, 9/7/2015, 9/14/2015) 13-014214

Assessors Plat 2, Lot 222

Property Address: 39 Sunset Drive, Charlestown, RI 02813

13-014214 / FC01

BK: 412 PG: 143
INST: 00003070

I the undersigned make oath and say that pursuant to R.I.G.L. 34-11-22 and 34-27-4, the Law Office of Korde & Associates, P.C. mailed, or caused to be mailed, on July 31, 2015 by certified mail, return receipt requested, written notice of the time and place of foreclosure sale to the record owner(s) as required by R.I.G.L. 34-11-22 and 34-27-4. A copy of said notice is made a part hereof as Addendum "A".

Pursuant to said notice, at the time and place therein appointed, Wells Fargo Bank, National Association, As Trustee For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5 sold the mortgaged premises at public auction by Richard Jumpp of The Jumpp Company an auctioneer duly licensed by the State of Rhode Island to Wells Fargo Bank, National Association, As Trustee For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5 c/o Nationstar Mortgage LLC, 8950 Cypress Waters Blvd, Coppell, Texas 75019 for Eight Hundred Eighty-Nine Thousand Five Hundred Eighty-One Dollars and Sixty-Five Cents ($889,581.65) by he/she/them paid, being the highest bid made for said premises at said auction.

To the best of my knowledge, information, and belief the record owner(s) of the property described in said mortgage Elizabeth A. Bowman and Barry Randall Bowman, was not "a person in the Military Service" of the United States of America, as defined by the Soldiers' and Sailors' Civil Relief Act of 1940 and the Servicemembers Civil Relief Act, as amended, and was not in the "Military Service" as defined by said Act at the time of the commencement of the within foreclosure proceedings or at the time of sale under the power given by said mortgage or at any time within the period of twelve months immediately preceding said sale.

I further make affidavit and say that the above facts have been ascertained after investigation duly made and that I am familiar with the contents of said Soldiers' and Sailors' Civil Relief Act of 1940 and the Servicemembers Civil Relief Act, as amended.

I further on oath say that pursuant to R.I.G.L. 34-27-4(c) and (d), the Law Office of Korde & Associates, P.C. mailed, or caused to be mailed, on July 31, 2015 by first class mail and by certified mail, return receipt requested, written notice as required by R.I.G.L. 34-27-4(c) and (d).

Wells Fargo Bank, National Association, As Trustee For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5
By: Nationstar Mortgage LLC
Its: Attorney in Fact

By:
Title:       Kenisha Mathis
             Document Execution Specialist

*See Power of Attorney recorded herewith.

STATE OF Texas
COUNTY OF Denton

Subscribed and sworn to before me this 5th day of November, 2015.

Notary Public:       Jean Albert Nguende Pokam
My commission expires: 06/20/2016

JEAN ALBERT NGUENDE POKAM
Notary Public, State of Texas
My Commission Expires
June 20, 2016

Assessors Plat 2, Lot 222

Property Address: 39 Sunset Drive, Charlestown, RI 02813

13-014214 / FC01

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

## Addendum A

BK: 412 PG: 144
INST: 00003070

Certified Article Number

9414 7266 9904 2047 0838 05

SENDERS RECORD

...CEIPT

July 31, 2015

Elizabeth A. Bowman
39 Sunset Drive
Charlestown, RI 02813

Please reference our File #: 13-014214/ Bowman

RE: Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 at 09:12:04 AM in Book 308 at Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
Property Address: 39 Sunset Drive, Charlestown, RI 02813

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown, RI 02813.

A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31, 2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely intended to advise you of the pending liquidation of the loan.

In the event that there is a deficiency resulting from said foreclosure, proceedings may be instituted against you for the purpose of collecting said deficiency.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

Telephone (978) 256-1500     Telefax (978) 256-7615
Website: www.kordeassoc.com

13-014214 / FC01

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

BK: 412 PG: 145
INST: 00003070

## NOTICE TO SERVICEMEMBERS

**A servicemember on active duty or deployment or who has recently ceased such duty or deployment has certain rights under subsection 34-27-4(d) of the Rhode Island general laws set out below. To protect your rights if you are such a servicemember, you should give written notice to the servicer of the obligation or the attorney conducting the foreclosure, prior to the sale, that you are a servicemember on active duty or deployment or who has recently ceased such duty or deployment. This notice may be given on your behalf by your authorized representative. If you have any questions about this notice, you should consult with an attorney.**

Excerpt from Rhode Island General Laws Section 34-27-4:

(d) Foreclosure sales affecting servicemembers.-
    (1) The following definitions shall apply to this subsection and to subsection (c):
        (i) "Servicemember" means a member of the Army, Navy, Air Force, Marine Corps, or Coast Guard and members of the National Guard or Reserves called to active duty.
        (ii) "Active duty" has the same meaning as the term is defined in 10 U.S.C. sections 12301 through 12304. In the case of a member of the National Guard, or Reserves "active duty" means and includes service under a call to active service authorized by the President or the Secretary of Defense for a period of time of more than thirty (30) consecutive days under 32 U.S.C. section 502(f), for the purposes of responding to a national emergency declared by the President and supported by federal funds.

    (2) This subsection applies only to an obligation on real and related personal property owned by a service member that:
        (i) Originated before the period of the servicemember's military service or in the case of a member of the National Guard or Reserves originated before being called into active duty and for which the servicemember is still obligated; and
        (ii) Is secured by a mortgage or other security in the nature of a mortgage.

    (3) Stay of right to foreclose by mortgagee. – Upon receipt of written notice from the mortgagor or mortgagor's authorized representative that the mortgagor is participating in active duty or deployment or that the notice as provided in subsection (c) was received within nine (9) months of completion of active duty or deployment, the mortgagee shall be barred from proceeding with the execution of sale of the property as defined in the notice until such nine (9) month period has lapsed or until the mortgagee obtains court approval in accordance with subdivision (d)(5) below.

    (4) Stay of proceedings and adjustment of obligation. – In the event a mortgagee proceeds with foreclosure of the property during, or within nine (9) months after a servicemember's period of active duty or deployment notwithstanding receipt of notice contemplated by subdivision (d)(3) above, the servicemember or his or her authorized representative may file a petition against the

BK: 412 PG: 146

mortgagee seeking a stay of such foreclosure, after a hearing on such petition and on its own motion, the court may:

(i) Stay the proceedings for a period of time as justice and equity require; or

(ii) Adjust the obligation as permitted by federal law to preserve the interests of all parties.

(5) Sale or foreclosure.- A sale, foreclosure or seizure of property for a breach of an obligation of a servicemember who is entitled to the benefits under subsection (d) and who provided the mortgagee with written notice permitted under subdivision (d)(3) shall not be valid if made during, or within nine (9) months after, the period of the servicemember's military service except:

(i) Upon a court order granted before such sale, foreclosure or seizure after hearing on a petition filed by the mortgagee against such servicemember; or

(ii) If made pursuant to an agreement of all parties.

(6) Penalties.- A mortgagee who knowingly makes or causes to be made a sale, foreclosure or seizure of property that is prohibited by subsection (d)(3) shall be fined the sum of one thousand dollars ($1,000), or imprisoned for not more than one year, or both. The remedies and rights provided hereunder are in addition to and do not preclude any remedy for wrongful conversion otherwise available under law to the person claiming relief under this section, including consequential and punitive damages.

(7) Any petition hereunder shall be commenced by action filed in the superior court for the county in which the property subject to the mortgage or other security in the nature of a mortgage is situated. Any hearings on such petition shall be conducted on an expedited basis following such notice and/or discovery as the court deems proper.

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

BK: 412 PG: 147
INST: 00003070

July 31, 2015

Elizabeth A. Bowman
27 Sunset Drive
Charlestown, RI 02813

**Certified Article Number**

9414 7266 9904 2047 0837 82  CEIPT

**SENDERS RECORD**

Please reference our File #: 13-014214/ Bowman

RE:   Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 at 09:12:04 AM in  Book 308
at Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
Property Address: 39 Sunset Drive, Charlestown, RI 02813

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been
discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely
intended to advise you of the pending liquidation of the loan.

In the event that there is a deficiency resulting from said foreclosure, proceedings may be
instituted against you for the purpose of collecting said deficiency.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

Telephone (978) 256-1500        Telefax (978) 256-7615
Website: www.kordeassoc.com

13-014214 / FC01

# KORDE & ASSOCIATES, P.C.

Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

BK: 412 PG: 148
INST: 00003070

## NOTICE TO SERVICEMEMBERS

**A servicemember on active duty or deployment or who has recently ceased such duty or deployment has certain rights under subsection 34-27-4(d) of the Rhode Island general laws set out below. To protect your rights if you are such a servicemember, you should give written notice to the servicer of the obligation or the attorney conducting the foreclosure, prior to the sale, that you are a servicemember on active duty or deployment or who has recently ceased such duty or deployment. This notice may be given on your behalf by your authorized representative. If you have any questions about this notice, you should consult with an attorney.**

Excerpt from Rhode Island General Laws Section 34-27-4:

(d) Foreclosure sales affecting servicemembers.-
    (1) The following definitions shall apply to this subsection and to subsection (c):
        (i) "Servicemember" means a member of the Army, Navy, Air Force, Marine Corps, or Coast Guard and members of the National Guard or Reserves called to active duty.
        (ii) "Active duty" has the same meaning as the term is defined in 10 U.S.C. sections 12301 through 12304. In the case of a member of the National Guard, or Reserves "active duty" means and includes service under a call to active service authorized by the President or the Secretary of Defense for a period of time of more than thirty (30) consecutive days under 32 U.S.C. section 502(f), for the purposes of responding to a national emergency declared by the President and supported by federal funds.

    (2) This subsection applies only to an obligation on real and related personal property owned by a service member that:
        (i) Originated before the period of the servicemember's military service or in the case of a member of the National Guard or Reserves originated before being called into active duty and for which the servicemember is still obligated; and
        (ii) Is secured by a mortgage or other security in the nature of a mortgage.

(3) Stay of right to foreclose by mortgagee. – Upon receipt of written notice from the mortgagor or mortgagor's authorized representative that the mortgagor is participating in active duty or deployment or that the notice as provided in subsection (c) was received within nine (9) months of completion of active duty or deployment, the mortgagee shall be barred from proceeding with the execution of sale of the property as defined in the notice until such nine (9) month period has lapsed or until the mortgagee obtains court approval in accordance with subdivision (d)(5) below.

(4) Stay of proceedings and adjustment of obligation. – In the event a mortgagee proceeds with foreclosure of the property during, or within nine (9) months after a servicemember's period of active duty or deployment notwithstanding receipt of notice contemplated by subdivision (d)(3) above, the servicemember or his or her authorized representative may file a petition against the

BK: 412 PG: 149
INST: 00003070

mortgagee seeking a stay of such foreclosure, after a hearing on such petition, and on its own motion, the court may:

    (i) Stay the proceedings for a period of time as justice and equity require; or

    (ii) Adjust the obligation as permitted by federal law to preserve the interests of all parties.

(5) Sale or foreclosure.- A sale, foreclosure or seizure of property for a breach of an obligation of a servicemember who is entitled to the benefits under subsection (d) and who provided the mortgagee with written notice permitted under subdivision (d)(3) shall not be valid if made during, or within nine (9) months after, the period of the servicemember's military service except:

    (i) Upon a court order granted before such sale, foreclosure or seizure after hearing on a petition filed by the mortgagee against such servicemember; or

    (ii) If made pursuant to an agreement of all parties.

(6) Penalties.- A mortgagee who knowingly makes or causes to be made a sale, foreclosure or seizure of property that is prohibited by subsection (d)(3) shall be fined the sum of one thousand dollars ($1,000), or imprisoned for not more than one year, or both. The remedies and rights provided hereunder are in addition to and do not preclude any remedy for wrongful conversion otherwise available under law to the person claiming relief under this section, including consequential and punitive damages.

(7) Any petition hereunder shall be commenced by action filed in the superior court for the county in which the property subject to the mortgage or other security in the nature of a mortgage is situated. Any hearings on such petition shall be conducted on an expedited basis following such notice and/or discovery as the court deems proper.

# KORDE & ASSOCIATES, P.C.

Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

BK= 412 PG= 150
INST= 00003070

July 31, 2015

Elizabeth A. Bowman
c/o Matthew L.Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891

Certified Article Number

9414 7266 9904 2047 0837 99 EIPT

SENDERS RECORD

Please reference our File #: 13-014214/ Bowman

RE:     Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
        Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 at 09:12:04 AM in Book 308
        at Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
        Property Address: 39 Sunset Drive, Charlestown, RI 02813

Dear Sir/Madam:

        Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

        A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

        THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been
discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely
intended to advise you of the pending liquidation of the loan.

        In the event that there is a deficiency resulting from said foreclosure, proceedings may be
instituted against you for the purpose of collecting said deficiency.

        If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

Telephone (978) 256-1500      Telefax (978) 256-7615
Website: www.kordeassoc.com

13-014214 / FC01

# KORDE & ASSOCIATES, P.C.

Counselors at Law

321 Billerica Road, Suite 210

Chelmsford, Massachusetts 01824-4100

Attorneys Licensed in MA, NH, NY and RI

BK: 412 PG: 151
INST: 00003070

## NOTICE TO SERVICEMEMBERS

A servicemember on active duty or deployment or who has recently ceased such duty or deployment has certain rights under subsection 34-27-4(d) of the Rhode Island general laws set out below. To protect your rights if you are such a servicemember, you should give written notice to the servicer of the obligation or the attorney conducting the foreclosure, prior to the sale, that you are a servicemember on active duty or deployment or who has recently ceased such duty or deployment. This notice may be given on your behalf by your authorized representative. If you have any questions about this notice, you should consult with an attorney.

Excerpt from Rhode Island General Laws Section 34-27-4:

(d) Foreclosure sales affecting servicemembers.-

    (1) The following definitions shall apply to this subsection and to subsection (c):

        (i) "Servicemember" means a member of the Army, Navy, Air Force, Marine Corps, or Coast Guard and members of the National Guard or Reserves called to active duty.

        (ii) "Active duty" has the same meaning as the term is defined in 10 U.S.C. sections 12301 through 12304. In the case of a member of the National Guard, or Reserves "active duty" means and includes service under a call to active service authorized by the President or the Secretary of Defense for a period of time of more than thirty (30) consecutive days under 32 U.S.C. section 502(f), for the purposes of responding to a national emergency declared by the President and supported by federal funds.

    (2) This subsection applies only to an obligation on real and related personal property owned by a service member that:

        (i) Originated before the period of the servicemember's military service or in the case of a member of the National Guard or Reserves originated before being called into active duty and for which the servicemember is still obligated; and

        (ii) Is secured by a mortgage or other security in the nature of a mortgage.

    (3) Stay of right to foreclose by mortgagee. – Upon receipt of written notice from the mortgagor or mortgagor's authorized representative that the mortgagor is participating in active duty or deployment or that the notice as provided in subsection (c) was received within nine (9) months of completion of active duty or deployment, the mortgagee shall be barred from proceeding with the execution of sale of the property as defined in the notice until such nine (9) month period has lapsed or until the mortgagee obtains court approval in accordance with subdivision (d)(5) below.

    (4) Stay of proceedings and adjustment of obligation. – In the event a mortgagee proceeds with foreclosure of the property during, or within nine (9) months after a servicemember's period of active duty or deployment notwithstanding receipt of notice contemplated by subdivision (d)(3) above, the servicemember or his or her authorized representative may file a petition against the

BK: 412 PG: 152
INST: 00003070

mortgagee seeking a stay of such foreclosure, after a hearing on such petition, and on its own motion, the court may:

> (i) Stay the proceedings for a period of time as justice and equity require; or
>
> (ii) Adjust the obligation as permitted by federal law to preserve the interests of all parties.

(5) Sale or foreclosure.- A sale, foreclosure or seizure of property for a breach of an obligation of a servicemember who is entitled to the benefits under subsection (d) and who provided the mortgagee with written notice permitted under subdivision (d)(3) shall not be valid if made during, or within nine (9) months after, the period of the servicemember's military service except:

> (i) Upon a court order granted before such sale, foreclosure or seizure after hearing on a petition filed by the mortgagee against such servicemember; or
>
> (ii) If made pursuant to an agreement of all parties.

(6) Penalties.- A mortgagee who knowingly makes or causes to be made a sale, foreclosure or seizure of property that is prohibited by subsection (d)(3) shall be fined the sum of one thousand dollars ($1,000), or imprisoned for not more than one year, or both. The remedies and rights provided hereunder are in addition to and do not preclude any remedy for wrongful conversion otherwise available under law to the person claiming relief under this section, including consequential and punitive damages.

(7) Any petition hereunder shall be commenced by action filed in the superior court for the county in which the property subject to the mortgage or other security in the nature of a mortgage is situated. Any hearings on such petition shall be conducted on an expedited basis following such notice and/or discovery as the court deems proper.

# KORDE & ASSOCIATES, P.C.

Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

BK:    412  PG:    153
INST: 00003070

July 31, 2015

Rhode Island Housing
Attn: Archie Martins
44 Washington Street
Providence, RI 02903

Certified Article Number

9414 7266 9904 2047 0838 43

SENDERS RECORD

Please reference our File #: 13-014214/ Bowman

## Notice of Intent to Foreclose

RE:   Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
      Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 09:12:04 AM in  Book 308 at
      Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
      Property Address: 39 Sunset Drive, Charlestown, RI 02813

Dear Sir/Madam:

      Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

      A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

      If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

Telephone (978) 256-1500      Telefax (978) 256-7615
Website: www.kordeassoc.com

13-014214 / FC01

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

BK: 412 PG: 154
INST: 00003070

July 31, 2015

Partners for Payment Relief DE II, LLC
3748 West Chester Pike, Suite 103
Newtown Square, PA 19073

**Certified Article Number**

9414 7266 9904 2047 0838 50

ⓅEIPT

**SENDERS RECORD**

Please reference our File #: 13-014214/ Bowman

RE:   Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
      Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 09:12:04 AM in Book 308 at
      Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
      Property Address: 39 Sunset Drive, Charlestown, RI 02813

Dear Sir/Madam:

    Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

    A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

    If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

BK: 412 PG: 155
INST: 00003070

July 31, 2015

Charles A. Pisaturo, Jr., Ch. 7 BK Trustee
1055 Elmwood Avenue
Providence, RI 02907

Certified Article Number

9414 7266 9904 2047 0838 29

SENDERS RECORD

Please reference our File #:  13-014214/ Bowman

RE:   Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
      Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 09:12:04 AM in Book 308 at
      Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
      Property Address: 39 Sunset Drive, Charlestown, RI 02813
      **Chapter 7 Bankruptcy Case Number 1:13-bk-13047**

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

Telephone (978) 256-1500        Telefax (978) 256-7615
Website: www.kordeassoc.com

13-014214 / FC01

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

BK = 412 PG = 156
INST = 00003070

July 31, 2015

Gary L. Donahue, U.S. Trustee
Office of the U.S. Trustee
10 Dorrance Street
Providence, RI 02903

Certified Article Number

9414 7266 9904 2047 0838 36

SENDERS RECORD

CEIPT

Please reference our File #:  13-014214/ Bowman

RE:    Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
       Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 09:12:04 AM in Book 308 at
       Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
       Property Address: 39 Sunset Drive, Charlestown, RI 02813
       **Chapter 7 Bankruptcy Case Number 1:13-bk-13047**

Dear Sir/Madam:

    Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

    A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

    If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

Telephone (978) 256-1500      Telefax (978) 256-7615
Website: www.kordeassoc.com

13-014214 / FC01

# KORDE & ASSOCIATES, P.C.

Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

BK: 412 PG: 157
INST: 00003070

July 31, 2015

Barry Randall Bowman
39 Sunset Drive
Charlestown, RI 02813

Certified Article Number

9414 7266 9904 2047 0838 67

CEIPT

SENDERS RECORD

Please reference our File #: 13-014214/ Bowman

RE:   Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
      Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 09:12:04 AM in Book 308 at
      Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
      Property Address: 39 Sunset Drive, Charlestown, RI 02813

Dear Sir/Madam:

       Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

       A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

       If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

# KORDE & ASSOCIATES, P.C.

Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100   BK:   412 PG:   158
Attorneys Licensed in MA, NH, NY and RI   INST:   00003070

July 31, 2015

Barry Randall Bowman
P.O. Box 1644
Westerly, RI 02891

Certified Article Number

9414 7266 9904 2047 0838 81   IPT

SENDERS RECORD

Please reference our File #:  13-014214/ Bowman

RE:   Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 09:12:04 AM in  Book 308 at
Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
Property Address: 39 Sunset Drive, Charlestown, RI 02813

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

Telephone (978) 256-1500        Telefax (978) 256-7615
Website: www.kordeassoc.com

13-014214 / FC01

# KORDE & ASSOCIATES, P.C.

Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

BK = 412 PG = 159
INST = 00003070

July 31, 2015

Barry Randall Bowman
27 Sunset Drive
Charlestown, RI 02813

Certified Article Number

9414 7266 9904 2047 0838 74

SENDERS RECORD

Please reference our File #:  13-014214/ Bowman

RE:     Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
        Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 09:12:04 AM in  Book 308 at
        Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
        Property Address: 39 Sunset Drive, Charlestown, RI 02813

Dear Sir/Madam:

       Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

       A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

       If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

BK: 412 PG: 160
INST: 00003070

July 31, 2015

Barry Randall Bowman
c/o Matthew L. Lewiss, Esq.
79 Franklin Street
Westerly, RI 02891

**Certified Article Number**

9414 7266 9904 2047 0838 98

**SENDERS RECORD**

CEIPT

Please reference our File #: 13-014214/ Bowman

RE:     Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 09:12:04 AM in Book 308 at Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
        Property Address: 39 Sunset Drive, Charlestown, RI 02813

Dear Sir/Madam:

        Please be advised that I have been instructed by the Holder of the Mortgage to commence a foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown, RI 02813.

        A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31, 2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

        If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

Telephone (978) 256-1500     Telefax (978) 256-7615
Website: www.kordeassoc.com

13-014214 / FC01

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

BK: 412 PG: 161
INST: 00003070

July 31, 2015

Elizabeth A. Bowman
C/O Attorney James T. Marasco, Esq.
617 Smith Street
Providence, RI 02908

Certified Article Number

9414 7266 9904 2047 0839 04

SENDERS RECORD

EIPT

Please reference our File #: 13-014214/ Bowman

RE:  Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Lehman Brothers
Bank, FSB. dated April 2, 2007 and as recorded on April 6, 2007 09:12:04 AM in Book 308 at
Page 606 in the Records of Land Evidence in the Town of Charlestown, RI
Property Address: 39 Sunset Drive, Charlestown, RI 02813
**Chapter 7 Bankruptcy Case Number 1:13-bk-13047**

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 39 Sunset Drive, Charlestown, RI 02813. The property will be sold at a
public auction on September 22, 2015 at 1:00PM on the premises of said 39 Sunset Drive, Charlestown,
RI 02813.

A copy of the Notice of Sale, which is to be published in the Providence Journal on August 31,
2015, September 7, 2015 and September 14, 2015 concerning this foreclosure is attached hereto.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Susan W. Cody

SWC/mr

Telephone (978) 256-1500     Telefax (978) 256-7615
Website: www.kordeassoc.com

13-014214 / FC01

BK: 412 PG: 162
INST: 00003070

**MORTGAGEE'S SALE**
39 Sunset Drive, Charlestown, RI 02813

The premises described in the mortgage will be sold subject to all encumbrances and prior liens on September 22, 2015 at 1:00PM on the premises, by virtue of the power of sale contained in a mortgage from Elizabeth A. Bowman dated April 2, 2007 and recorded in Book 308 at Page 606 in the Records of Land Evidence in the Town of Charlestown, RI, the conditions of said mortgage having been broken.

$5,000.00 in cash, certified or bank check is required to bid. Other terms will be announced at the sale.

By order of the Mortgagee which gives notice of its intention to bid at such sale or any postponement or adjournment thereof.

KORDE & ASSOCIATES, P.C.
Attorneys for the Holder of the Mortgage
321 Billerica Road
Suite 210
Chelmsford, MA 01824-4100
(978) 256-1500

(8/31/2015, 9/7/2015, 9/14/2015)

13-014214

13-014214 / FC01

BK:   412 PG:   163
INST: 00003070

**Affidavit of Exemption from R.I. Gen. Laws § 34-27-3.2**
**(FOR MORTGAGORS MORE THAN 120 DAYS DELINQUENT ON OR BEFORE**
**SEPTEMBER 12, 2013)**

I, ___Kenisha Mathis___ Document Execution Specialist ___of Nationstar
Mortgage LLC as Attorney in Fact for **Wells Fargo Bank, National Association, As Trustee
For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5**, hereby
affirm under oath that:

1. I have personal knowledge of the matters referred to herein.
2. Wells Fargo Bank, National Association, As Trustee For Lehman Mortgage Trust
   Mortgage Pass-Through Certificates, Series 2007-5 is the holder of the mortgage
   recorded in the Land Evidence Records in Book 308, Page 606, et seq. (the "Mortgage")
   and identified as plot 2 and lot 222.
3. I am exempt from complying with R.I. Gen. Laws § 34-27-3.2 because the Mortgagor is
   or was more than one hundred twenty days delinquent on or before September 12, 2013.
4. For the reasons set forth above, **Wells Fargo Bank, National Association, As Trustee
   For Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-5]**is
   exempt from compliance with the requirements of R.I. Gen. Laws § R.I. Gen. Laws § 34-
   27-3.2.

Wells Fargo Bank, National Association, As
Trustee For Lehman Mortgage Trust Mortgage
Pass-Through Certificates, Series 2007-5
By:  Nationstar Mortgage LLC
Its:  Attorney in Fact

By: _____
Title:       Kenisha Mathis

*See Power of Attorney recorded herewith.           Document Execution Specialist

State of ___Texas___
County of ___Denton___

Subscribed and sworn to before me this 5th day of November, 2015.

Notary Public: _____   Jean Albert Nguende Pokam
My commission expires: 06/20/2016

JEAN ALBERT NGUENDE POKAM
Notary Public, State of Texas
My Commission Expires
June 20, 2016