UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ELIZABETH BOWMAN and BARRY BOWMAN, <br>     Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC, et al. <br>     Defendants. | C.A. No. 16-cv-490-M-LDA |

## ORDER

Plaintiffs Elizabeth and Barry Bowman filed the instant suit against Defendants Nationstar Mortgage LLC and Wells Fargo Bank, N.A. as Trustee arising out of the foreclosure on a mortgage Ms. Bowman executed on the property at 39 Sunset Drive in Charlestown, Rhode Island in 2007. Wells Fargo was the Lender and Nationstar was servicer on the mortgage. Nationstar, and its local counsel sent the Notices of Default and Sale to the Bowmans. In their complaint, the Bowmans allege that Defendants breached the mortgage contract because Paragraph 22 of that contract required Wells Fargo, as the Lender, rather than Nationstar, to send the notices. Before the Court is Defendants' motion to dismiss the complaint, arguing that the Bowman's complaint to void the foreclosure sale of their house is based entirely on a theory of law that this Court has previously rejected.

Just four months again, when presented with a similar complaint and motion to dismiss, this Court ruled that a "servicer, as a lender's agent, acquired all the rights that the lender possessed, including the right to exercise the power of sale. Therefore,

under Rhode Island law, an agent of a lender may initiate and complete foreclosure." *252 Wolfrock Rd. Realty Redemption Co. v. Wells Fargo Bank N.A.*, C.A. No. 16-126-M, 2016 WL 3766297, at *1 (D.R.I. July 11, 2016); *see also Cornejo v. Bank of Nee York Melon*, No. 16-64-S, 2016 WL 4385895, at *2 (D.R.I. Aug. 17, 2016); *Ingram v. Mortg. Elec. Registration Sys., Inc.*, 94 A.3d 523, 529 (R.I. 2014); *Breggia v. Mortg. Elec. Registration Sys., Inc.*, 102 A.3d 636, 641 (R.I. 2014).

Rhode Island law provides that a Lender's servicer, like Nationstar, can legally provide a mortgagee with notices of acceleration and foreclosure under the mortgage contract. Because the facts and claims asserted in this matter are the same as in *252 Wolfrock Rd.* and are governed by the same law, the outcome is the same. The Bowmans have failed to state a plausible legal claim upon which the Court can grant relief. Therefore, Defendants' Motion to Dismiss (ECF No. 10) is GRANTED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

November 16, 2016